(No. 21676.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL REICHERT, Plaintiff in Error.

*Opinion filed April 22, 1933.*

JOSEPH B. LOFTON, and WILLIAM J. GLEASON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of the crime of forgery and brings the cause here for review.

At the time of the alleged crime plaintiff in error was president of the Nunbetter Seltzer Company, a corporation. In January, 1930, he secured a loan of $1000 from Paul and Anna Tillich, the former being the complaining witness in this case, for the corporation. Later a like loan was secured from the Tillichs for $500. The notes were executed by plaintiff in error as president of the corporation and the proceeds were used by the corporation. These

notes were not paid when due, and in February, 1931, a renewal note in the amount of $1520, payable to the order of Paul and Anna Tillich, was executed and delivered to Tillich and the old notes were taken up. The renewal note was dated January 18, 1931. As to these facts there is no controversy.

The charge of forgery is based upon an alleged alteration of the renewal note. It is charged that the alteration took place on April 1, 1931. The complaining witness testified that when the renewal note was given he requested that plaintiff in error's wife also sign it, and that on April 1, 1931, at this witness' home, plaintiff in error, while endorsing on the back of the note a payment of $40 interest, also inserted, over his signature on the note, the words, "Nunbetter Seltzer Co. By," and opposite his own signature the word "Pres.," indicating that the note had been made by the corporation by plaintiff in error as president. Tillich testified he could not read. The note has been certified to this court. It also bears the name of the wife of plaintiff in error.

It is not claimed that plaintiff in error was under any obligation at the time the renewal note was given, in February, 1931, to relieve the corporation and give the note only on personal obligation of himself and his wife, nor does the evidence show he was requested to do so, but that he was requested to have his wife sign the note, which was done. Considerable confusion exists in the record pertaining to the controverted facts.

In view of errors committed on the trial requiring a re-trial of the cause we do not in this opinion go into the details of the evidence. The trial was had before the court without a jury. The record, as disclosed by the bill of exceptions, reveals improper questioning of witnesses by the court and the admission of incompetent testimony. On examination of an officer of the corporation the court asked him to give his best recollection as to the contents of books

showing whether the money arising from plaintiff in error's notes to the Tillichs had been used or disposed of by the corporation. One of the defenses in the case was that the money was borrowed for the corporation and so used. The court, in seeking to draw from the witness, over the objection of counsel for plaintiff in error, his recollection as to the contents of the books of the corporation, violated a rule of evidence so rudimentary as to suggest itself to any lawyer upon slight reflection. In the statement of a finding of fact by the court it is said that it was agreed between Tillich and plaintiff in error that the individual note of plaintiff in error and his wife should be substituted for the corporation note. There is no foundation in the evidence for such a finding, the evidence being as hereinbefore stated. An agreement to give an individual note was in this case essential to the existence of the crime charged, for in the absence of it Tillich was not entitled to have any note other than a renewal note of the corporation.

During the examination of Tillich he was asked, "When was it that you wanted the note changed to the Nunbetter Seltzer Company from their liability to the personal liability of Mr. Reichert?

A. "The old note—I asked for the money and I wanted to go in the Old People's Home. I got no money for living and I need it.

The court: "Is that why you asked him to sign it himself and wife?

Mr. Lofton: "I am objecting to that as not being in evidence yet.

The court: "He just gave the reason; he wanted to go into the home; that is why he wanted it changed; that is my understanding."

Objections of counsel that the court was leading the witness and assuming facts not in evidence were overruled. After the witness Tillich had testified as to what took place between himself and plaintiff in error at the time the re-

newal note was given and stated that he had given all the conversation between himself and plaintiff in error about that matter, the court said: "Ask him, Do you mean that you didn't give the money to anybody but him and you want the money from him?" To which the witness answered, "Yes."

In the trial of criminal cases without a jury, the rule common in chancery proceedings that the chancellor is presumed to have considered only such evidence as is competent under the issues presented does not apply, but the court is bound by the rules of evidence whether the trial be before it or before a jury. Courts have no more right than a jury to convict the accused on incompetent evidence. The condition of this record prevents a complete statement of such errors on the trial within the limits of an opinion.

The above mentioned errors in the reception of evidence and questions asked by the court require a re-trial of this cause. It is evident from the court's statement that the errors prejudiced plaintiff in error. As we have intimated, courts have no right, merely because there is a trial of a case before them without a jury, to override rules of evidence in the trial of the facts.

Plaintiff in error's counsel argue that venue was not proved. Since this judgment must be reversed for errors discussed and it does not seem likely that the claimed deficiency in proof of venue is likely to occur on a re-trial of the cause it is not necessary to consider that assignment of error.

For the errors of the court on the hearing the judgment is reversed and the cause remanded.

*Reversed and remanded.*