(No. 35334.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK DANIEL STOKES *et al.,* Plaintiffs in Error.

*Opinion filed January 22, 1960.*

WILLIAM C. ERBECKER, of Indianapolis, Indiana, and SUMMERS AND WATSON, of Champaign, for plaintiffs in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BRUNO W. STANCZAK, State's Attorney, of Waukegan, (FRED G. LEACH, Assistant Attorney General, EUGENE T. DALY, Assistant State's Attorney, and RALPH J. DADY, JR., Special Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendants Frank Daniel Stokes and Raphael Alphonse Head were indicted in the circuit court of Lake County for the crime of armed robbery. After trial by jury, verdicts were returned finding them guilty as charged and judgments were entered sentencing both to the penitentiary for a term of 9 to 15 years.

Defendants prosecute this writ of error contending that the action of the trial court (1) in permitting counsel of defendants' own choosing to withdraw six days before trial on oral motion without notice, (2) in refusing to grant court appointed counsel a continuance to investigate and prepare the case, and (3) in appointing counsel whose qualifications were clouded with doubt constituted a denial of defendants' constitutional right of fair trial.

The People urge that since the defendants did not include these errors in their motions for a new trial or in arrest of judgment they are not properly before this court for review. Technically they are correct in this assertion but since defendants contend that they were not represented by competent counsel and point to counsel's failure to preserve these errors by not including the same in motions for new trial and arrest in judgment as evidence of their incompetency, we deem it proper to review the errors assigned.

In order to consider the first two contentions of defendants it is necessary to review the record prior to the time of actual trial by the jury on October 20, 1958.

On March 28, 1958, the indictment was returned. On April 8, 1958, the defendant Stokes was released on bond and on May 1, 1958, the defendant Head was released on bond. On May 5, 1958, Henry D. Fisher entered his appearance for both defendants, and on motions of defendants for continuances the same were granted and the cause set for trial for June 2, 1958. On May 22, 1958, Fisher

withdrew his appearance as attorney for defendants and George R. Bieber entered his appearance for the defendants. On May 29, 1958, motions of defendants for change of venue from two of the presiding judges of the circuit court were heard and allowed. On June 2, 1958, on motion of counsel for defendants the cause was again continued to June 16, 1958. On September 2, 1958, Bieber withdrew his appearance as attorney for defendants and Charles A. Bellows entered his appearance for defendants, and on motion of the defendants the cause was removed from the call on September 8, 1958, and placed on the call on September 22, 1958. On October 6, 1958, on motion of the State's Attorney the cause was continued to and set for trial on October 8, 1958.

On October 8, 1958, a motion was made by attorney Bellows to withdraw his appearance, at which time he advised the court that the defendants had not come into counsel's office, had failed to co-operate with counsel in any way and had used counsel to gain continuances and he therefore felt obliged to withdraw. The motion was allowed by the court and on request of defendants the court appointed Robert M. Yaffee to represent defendant Stokes and Walter Ulick to represent defendant Head and continued the cause to October 14, 1958.

On October 10, 1958, pleas of not guilty were withdrawn and motions to quash the indictment were presented and overruled. Motions for continuance, severance and bill of particulars were also denied. On October 14, 1958, the defendants moved for a further continuance, which motion was allowed and the cause continued to October 20, 1958, when the trial was commenced.

On the above facts we are unable to agree that the court erred in permitting counsel to withdraw. The defendants' contention that the trial court erred in denying a continuance is also without merit. The granting of a continuance to permit preparation for a case necessarily depends upon

the particular facts and circumstances surrounding the request, and is a matter resting within the sound judicial discretion of the trial court. Its decision will not be disturbed upon review unless it is clearly shown that such discretion has been abused. *People* v. *Clark,* 9 Ill.2d 46; *People* v. *Surgeon,* 15 Ill.2d 236.

Contrary to defendants' assertion that they were required to stand trial six days after the trial court had permitted counsel of defendants' own choosing to withdraw and at which time the trial court appointed counsel, the record affirmatively shows the cause was actually continued for twelve days. In no manner is it shown how the defendants were in any way prejudiced by the court requiring the cause to proceed after allowing appointed counsel twelve days in which to prepare for trial. Furthermore, defendants had had more than six months to prepare for trial, all of said continuances being at their request with the State's Attorney ready to proceed with the trial at all times. We feel the trial judges were exceptionally fair and lenient in the granting of continuances.

Defendants urge that appointed counsel failed to properly represent them because they did not call them to testify. It well may be that counsel had an excellent reason for this, in fact counsel for defendant Stokes stated to the court prior to trial that he had been informed that his client might have a criminal record. No inflexible rule can be applied to all of the many matters that call for the exercise of judgment in the course of a criminal trial. A review of the trial proceedings convinces us that counsel were most able and diligent in their representation of defendants.

Finally, it is urged that the court erred in selecting an attorney for the defendant Stokes who was the target of disciplinary proceedings in the Supreme Court. Counsel fails to point out how this was prejudicial to defendants in the trial of the cause and in the absence of some showing we believe the point to be without merit.

After a careful review. of the entire record we are satisfied the defendants received a fair and impartial trial, that the evidence warranted the jury in finding the defendants guilty beyond a reasonable doubt and their rights were diligently protected in the trial court.

The judgments of the circuit court of Lake County are affirmed.

*Judgments affirmed.*