(No. 36490.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GILBERT CRAWFORD, Appellant.

*Opinion filed January 23, 1962.*

WALTER F. FARRAND, of Springfield, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and RAYMOND L. TERRELL, State's Attorney, of Springfield, (FRED G. LEACH, Assistant Attorney General, and RICHARD A. HOLLIS, First Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Gilbert Crawford, was indicted jointly with his brother, George Crawford, by the grand jury of Sangamon County, on a charge of burglary. The trial court granted a severance to the brother, who pleaded guilty. Gilbert Crawford was tried before a jury and upon a finding of guilty was sentenced to a term of not less than 2 nor more than 20 years in the penitentiary. From this judgment defendant prosecutes this writ of error.

Defendant contends that there was a fatal variance between the indictment and the proof with respect to the location of the alleged crime. He also contends that there were

numerous errors committed by the court: in denying a continuance; making prejudicial comments on evidence; permitting reference to other offenses; admitting hearsay evidence; holding a witness called by the court in contempt and arresting him in the presence of the jury; limiting the right of cross-examination; permitting cross-examination of a defense witness about other offenses; quashing a *subpoena* for police records; refusing to issue process for a witness; and calling a witness as the court's witness without laying a proper foundation.

The People contend that there was no variance between indictment and proof, deny all suggestions of error during the trial, and argue that the defendant was proved guilty beyond all reasonable doubt.

The indictment charged that the alleged offense occurred at a building located "three and one-half miles south of the city of Bradfordton" in Sangamon County. The People's witnesses testified that Bradfordton was not a city. The trial court took judicial notice that Bradfordton is a village, and held the word "city" to be surplusage. Regardless of whether Bradfordton is a city or a village, or unincorporated, we cannot agree that there was a fatal variance between a material allegation and the proof. There is no suggestion that more than one "Bradfordton" was located in Sangamon County. Following the precept that an averment in an indictment may be treated as surplusage if it can be omitted without vitiating the indictment, we are of the opinion that the words "the city of" are unnecessary, superfluous, and may be disregarded. *People* v. *Osborne,* 278 Ill. 104; *People* v. *Katz,* 356 Ill. 440.

We turn next to the contention that defendant was denied a fair trial in that the trial court refused new counsel a continuance to prepare his case. It is true that a defendant's right to defend by counsel as guaranteed by section 9 of article II of the Illinois constitution includes the right to reasonable time in which counsel may prepare the de-

fense. (*People* v. *Blumenfeld*, 330 Ill. 474.) In the case at bar defendant was arraigned and entered a plea of not guilty on February 23, 1960, and trial was set for May 9, 1960. On motion of the defendant the trial date was continued from May 9 to June 1, 1960. On June 1, 1960, the defendant appeared and for the first time advised the court that he had not means to employ an attorney and requested the court to appoint one for him. The court then appointed the public defender who requested a continuance for the preparation of the case, and the court granted a continuance to June 27, 1960. On June 27, 1960, in the presence of the defendant, the public defender asked leave to withdraw for the reason that the defendant would not co-operate and that other counsel was employed by the defendant. The case was then continued until June 28, 1960, at which time an attorney of his choice entered his appearance for the defendant and the public defender asked and was granted leave to withdraw. Based upon the entire record in this case, it appears that the defendant was granted two continuances to prepare for trial and there is no showing that the defendant was prejudiced in any way by the failure to grant a third continuance. It is clear that the right to a reasonable time in which to prepare for trial cannot be construed to permit a defendant to postpone his trial date indefinitely by changing counsel on the day of trial. Under all the facts and circumstances we do not believe the trial court abused its discretion in denying defendant a third continuance to prepare for trial. Cf. *People* v. *Ritcheson*, 396 Ill. 146; *People* v. *Stokes*, 18 Ill.2d 371; *People* v. *Quevreaux*, 407 Ill. 176.

We shall consider together the various events occurring upon the trial on which defendant predicates error. During the course of the trial the People called a deputy in the recorder's office for the purpose of establishing the corporate ownership of the property alleged to have been burglarized. During the cross-examination there was a colloquy

between counsel and the court regarding questions directed to the ownership of the property. The State's Attorney objected to questions seeking to demonstrate that ownership of property was not among the corporate purposes of the Archer Co-operative Farmers Association. The court stated: "I think that has been proved. Objection is sustained." It was improper for the court to make a statement interpreting the evidence because that is the province of the jury. (*People* v. *Bouderioyni*, 299 Ill. 96.) Nevertheless we would be reluctant to reverse on this ground alone, as it does not appear that the ownership of the property was seriously controverted.

The People also called alleged accomplice John Miller who testified that he had been present when the defendant acquired certain tools allegedly used to effect entrance and to force a safe in a building. When asked when defendant acquired the tools, Miller answered: "It was after we hit Harrison Smith's Refrigeration." Upon objection the court declared a recess and on the following day the defendant moved for a mistrial, which motion was denied. It is clear that proof of a distinct offense unrelated to the crime for which the defendant is placed on trial is not admissible. (*People* v. *Black*, 367 Ill. 209.) Nevertheless we think interjection of this testimony was not solicited by the questions propounded by the People, and any prejudice to defendant could have been cured by a motion to strike and an admonition to the jury to disregard the statement. No such motion was made by defendant.

Donald Crawford, another brother of the defendant, was called as the court's witness at the request of the State's Attorney. He refused to answer questions on the ground that the evidence would tend to incriminate him, and thereafter the State's Attorney read the immunity statute to the witness. (Ill. Rev. Stat. 1959, chap. 38, par. 580a.) The court stated that the witness had been granted immunity and, upon the witness's continued refusal, he was arrested

in the presence of the jury and taken to jail. Thereafter a police officer was called and on redirect examination was permitted to read a statement made by Donald Crawford, which had been used before the grand jury in obtaining the indictment of defendant. This statement, taken outside the presence of the defendant, was introduced in evidence. Defense counsel requested the right to examine Donald Crawford concerning the contents of the statement, but this request was denied.

The law is well settled that statements, or declarations of a witness in corroboration of his version of the facts, whether oral or written, are as a general rule inadmissible in evidence except where they are part of the *res gestae* or made in the presence of defendant. (*People* v. *Bennett,* 413 Ill. 601; *People* v. *Foster,* 288 Ill. 371.) The People apparently concede that this statement would not have been admissible under direct examination of the officer, but the People contend that the defense opened the door on cross-examination by inquiry concerning the statement and, therefore, it was permissible to introduce the statement on redirect examination. It appears from the record that the cross-examination with regard to the statement was limited to the time, place and circumstances under which it was obtained. The defendant's counsel did not go into the content of the statement in any way and we do not think that the questions asked or the answers given justified the introduction of this *ex parte* statement which was highly prejudicial to the defendant.

The People seek to excuse the trial court's refusal to permit examination of Donald Crawford in relation to his statement on the ground that defendant did not seek to have a *subpoena* issued out of the clerk's office, but rather requested the judge to permit such examination. We think it is apparent that the trial court, by its actions, intended to foreclose defendant from an opportunity to obtain the

testimony of Donald Crawford with regard to this statement.

Other errors were complained of during the trial of this cause which the People claim were not prejudicial to the defendant. Because of the view we take of the case, and the fact that such errors are unlikely to occur upon a new trial, we have not considered them. We have examined the entire record and find that the errors we have discussed, taken together, lead to the conviction that defendant received less than the fair trial to which he was entitled. We, therefore, hold that it is necessary to reverse the judgment of the trial court and remand the cause for a new trial.

*Reversed and remanded.*