THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN MEYERS, Defendant-Appellant.

(No. 70-240;

Second District—August 23, 1972.

Ralph Ruebner, of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of the crime of Indecent Liberties with a Child (Ill. Rev. Stat. 1967, ch. 38, sec. 11—4), and sentenced to 4—15 years in the penitentiary.

In this appeal, defendant claims he was not proven guilty beyond a reasonable doubt. He also claims that the court gave an instruction to the jury on the circumstances of identification and that this was error.

Defendant was identified in the Lake Forest railroad station on November 24th, 1967, by the 15-year-old complainant as the man who had offered him a ride on November 22nd, 1967. A devious sexual assault by defendant upon the complainant was described. The defendant denied the assault and denied that he was even present at the train station on the November 22nd date.

▪▪▪ From our examination of the whole record, we conclude that the defendant was proven guilty beyond a reasonable doubt. The description of the details of the offense was positive and uncontradicted. Essentially, defendant attacks his identification by the complaining witness as not being clear and convincing. We do not agree. The witness was in the presence of his attacker from 6:30 P.M. to approximately 7:45 P.M. with adequate opportunity to observe. The delay in reporting the incident, the minor discrepancies in the identification testimony, and the variance in the number of people present at the station, all went to the issue of credibility but did not create a reasonable doubt of guilt.

In addition, the identification was corroborated in important respects. The defendant told the officer he knew what they would say because of his having "E.S.P." and being a "Prophet". The boy testified that the defendant used similar references after the incident on November 22nd. The officers also testified to defendant having the same car parked at the station when arrested as the victim had described in reference to the assault on the earlier date. The victim's testimony concerning metal cleats on the defendant's shoes at the time he said he was picked up by the defendant was confirmed by the observation of the officers at the time of defendant's arrest.

▪▪ The jury obviously did not believe defendant's uncorroborated testimony that he was not present, nor his testimony that challenged the description of his car. The victim's failure to resist more actively than he did was not an element in this offense; although the jury was given the opportunity to take the boy's conduct into account in determining the credibility of his testimony. The jury's resolution of the credibility of the witnesses and its finding against defendant is not so unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. See *People v. Hampton* (1969), 44 Ill.2d 41, 45.

Alternatively, the defendant claims to have established the affirmative defense that defendant reasonably believed that the complaining witness was over the age of 16 years at the time of the occurrence. There is no testimony in the record to support defendant's belief as to the age of the boy on the date of the offense.

Defendant also argues that the court erred in instructing the jury on the circumstances of identification (disapproved in *People v. Stewart*,

84

(1970), 46 Ill.2d 125, 128), while conceding that the court had refused the instruction in the conference. However, we are satisfied from our review of the record that the instruction was not given by the court or in any way brought to the attention of the jury. The instruction is marked "Refused" and appears, together with other "Refused" instructions, in the common law record. While these same refused instructions also appear following the sequence of instructions given and the verdict forms, this clearly appears to be a clerical error in making up the record. In the conference on instructions, the court stated it would not give the instruction and we find no basis for the claim that it was read to the jury, inadvertently or otherwise.

We affirm the judgment below.

Judgment affirmed.

GUILD and T. MORAN, JJ., concur.