THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILLIP
K. GUTHRIE, Defendant-Appellant.

(No. 11531;

Fourth District—August 23, 1972.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Scott B. Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On October 13, 1967, Defendant-Appellant Phillip K. Guthrie and Johnnie A. Weller were jointly charged in a two-count indictment, with the murder of Howard Richard Goodin. There was a severance and Weller and Guthrie were tried separately. Weller, a half-brother of defendant, was convicted of murder. Guthrie testified for Weller. Weller's conviction was reversed, the cause remanded for a new trial, and our opinion is found in *People v. Weller*, 123 Ill.App.2d 421, 258 N.E.2d 806.

Thereafter defendant Guthrie was tried on both Counts I and II of the Indictment. The jury returned a verdict of not guilty on Count II and returned a verdict of guilty on Count I of the Indictment. Defendant Guthrie was sentenced 40 to 60 years in the penitentiary. We reversed the conviction and remanded the cause for retrial in *People v. Guthrie*, 123 Ill.App.2d 407, 258 N.E.2d 802.

Since this appeal is hereinafter disposed of on a question of law, we see no useful purpose in a detailed recital of the evidence. The evidence on the second trial was substantially the same as that adduced on the first trial and is summarized in *People v. Guthrie, supra.*

Count I of the Indictment charged that Weller and Guthrie committed the offense of murder on or about the 25th day of July, 1967, in violation of Chapter 38, sec. 9—1, Ill. Rev. Stat. 1965, "in that they, pursuant to a plan to commit the offense of Robbery, * * *, a forcible felony, at the aforesaid location, took United States currency and a 1966 Chrysler Newport automobile from the person and presence of Howard Richard Goodin, by the use of force, and did, without lawful justification, kill said Howard Richard Goodin during the commission of said robbery, in that they bound his hands and feet and left him concealed in a corn field, knowing that said acts created a strong probability of death, contrary to the form of the Statute in such case made and provided, * * *."

Count II charged that Weller and Guthrie committed the offense of murder "in that they, pursuant to a plan to commit the offense of Kidnaping, * * * at the aforesaid location, knowingly and by enticement induced Howard Richard Goodin to go from his residence at 821 West Leafland Street, City of Decatur, County and State aforesaid, to the

aforesaid location, with the intent secretly to confine him against his will, and during the commission of said offense did, without legal justification, kill the said Howard Richard Goodin, in that they bound his hands and feet and left him concealed in a corn field, knowing that said acts created a strong probability of death. * * *."

On October 26, 1970, Guthrie was retried before a jury on Count I of the Indictment, again found guilty of the crime of murder and was again sentenced 40 to 60 years in the penitentiary and his appeal is from that conviction.

Chapter 38, sec. 9—1, Ill. Rev. Stat. 1965, provides:

"MURDER. (a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:

* * * (2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another; or (3) He is attempting or committing a forcible felony other than voluntary manslaughter."

The defendant Guthrie was represented by different counsel on his second trial. Prior to retrial on Count I, counsel filed a motion alleging that Count I of the Indictment was vague and uncertain, that defendant was being placed in double jeopardy because of his prior acquittal on Count II of the Indictment, and urged that he was uncertain as to whether the Indictment charged felony-murder under sub-section (3) of sec. 9—1, *supra*, or whether the Indictment charged murder under sub-section (2) of the Statute. The Assistant State's Attorney repeatedly stated and argued to the Court that both counts of the Indictment charged murder during the commission of a forcible felony, that the defendant was being tried for murder during the commission of a forcible felony and repeated these statements many times during his argument on the motion. The defense counsel finally responded, "I think implicit in Mr. See's argument that the key element in any of these murder charges is that it is a forcible felony."

The Court in denying defendant's motion to dismiss stated "Just as I said, in my judgment there are two words, forcible felony, they are both essential. You have got to have force, but you have also got to have a felony, and force as such can lead to a variety of felonies, according to what the specific crime is, here robbery * * * and the People are now restricted to a robbery count."

We also note that on the morning the trial was to commence the State's Attorney prepared, signed and delivered to the trial court a document entitled "Statement of the Nature of the Case" which reads in part, as follows:

"The defendant, Phillip K. Guthrie, is charged in an indictment with the offense of felony murder. It is  *  *  *  alleged that death occurred during the commission of a robbery."

This statement of the nature of the case was read to the entire panel of jurors prior to selection of the jury.

In his opening statement the counsel for defendant told the jury, "This is a felony murder case, and Mr. Greenias has read to you the indictment, that is the charge against the defendant  *  *  *  the evidence will fail to show the defendant guilty of the crime of robbery murder, and we ask that you return a verdict of not guilty to that charge." We note that the State's Attorney made no objection to these statements made by the defense counsel.

After all the evidence in the case was in, the State's Attorney, during conference on instructions tendered Peoples' Instructions 11 and 12 which read as follows:

"A person commits the crime of Murder who kills an individual if, in performing the acts which cause the death, he knows that such acts create a strong probability of death or great bodily harm to that individual; or he is attempting to commit or is committing the crime of Robbery.

To sustain the charge of Murder, the State must prove the following propositions:

First: That the defendant performed the acts which caused the death of Howard Richard Goodin;

Second: That when the defendant did so, he knew that his acts created a strong probability of death or great bodily harm to Howard Richard Goodin, or he was attempting to commit or was committing the crime of Robbery.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty."

These were given over the objection of the defendant's counsel who asserted that he had tried the case on the assumption that the defendant was charged with felony murder; again urged the double jeopardy issue and argued that the tendering of People's Instructions 11 and 12 which authorized the jury to return a verdict of guilty under sub-section (2) of sec. 9—1, introduced that theory into the case for the first time. Defendant urges error in the giving of these two instructions.

■■ It was clearly error to instruct the jury that it could return a verdict

of guilty under sub-section (2) of the Statute, and we therefore reverse and remand for retrial for the reasons hereinafter indicated.

Counts I and II of the Indictment are structured in precisely the same manner. The acts allegedly resulting in Goodin's death are set forth in identical language in each count. It would be ludicrous to argue, for example, that Count II charged only felony-murder committed during a kidnapping, but that Count I charged both felony-murder committed during a robbery *and* murder under subsection (2) of the Statute. The language, "knowing that said acts created a strong probability of death", which the People urge incorporate the sub-section (2) theory, is the same in both counts and the "said acts" are set forth in both counts in precisely identical language.

Therefore both Counts charge *only* felony-murder or both charge felony-murder *and* murder under sub-section (2) of the Statute. The conviction here could not stand under either construction. If the indictment were construed to charge both felony-murder and murder under sub-section (2) then it was error to instruct the jury that it might convict under subsection (2) since defendant had previously been tried and acquitted on Count II and was thus exposed to double jeopardy, since the evidence necessary to convict of murder under subsection (2) in the second prosecution on Count I would have convicted on the prosecution under Count II. (*People v. Peck*, 29 Ill.2d 480, 194 N.E.2d 245.) If, on the other hand, the indictment charges only felony murder it was error to instruct the jury that it could convict under sub-section (2).

We construe the indictment to charge murder only under sub-section (3) of the Statute. The indictment charges that defendant killed Goodin during the commission of a forcible felony, robbery "* * * *in that* he bound his hands and feet and left him concealed in a corn field, * * *." This we take to be a description of the defendant's acts, committed during the course of the robbery, which resulted in the victim's death, and thus a part of the charge of felony-murder. The language "* * * knowing that said acts created a strong probability of death, * * *," was an unnecessary and immaterial allegation. An averment in an indictment may be treated as surplusage if it can be omitted without vitiating the indictment. (*People v. Crawford*, 23 Ill.2d 605, 179 N.E.2d 667.) The felony-murder charge set forth in the indictment, is complete and sufficient absent the allegation relating to sub-section (2) of the Statute.

The defendant also urges that there was insufficient evidence of robbery to support the verdict of the jury. The defendant admitted taking the decedent's car to Florida. He made no effort to contact the decedent between July 25th and August 16th. There was testimony that

Goodin carried a billfold which usually contained from $100.00 to $300.00 in cash, and that he also had a money pouch in which he carried home the daily receipts from his business. Neither the billfold nor the money pouch were ever found, either at the scene of the crime or in the victim's apartment. The defendant's own testimony placed him at the scene of the crime, and in possession of Goodin's car which he took to, and left in, Florida. He elected to explain his presence at the scene, together with his possession of the car, and having done so that probability or improbability of his explanation is that by which he is judged. (*People v. Davis*, 27 Ill.2d 33, 37, 188 N.E.2d 43.) There was sufficient evidence of robbery to sustain the verdict.

■■ The defendant did not testify in his own behalf. He had been a witness for Johnnie Weller during Weller's first trial and his testimony from that trial was read into the record in this trial to prove admissions made by the defendant Guthrie. Prior to trial defendant's counsel filed a motion to suppress the statement given by Guthrie during the Weller trial on the theory that since Weller's conviction had been reversed, the testimony given by Guthrie was not competent evidence in this trial. The trial court refused to rule on the pretrial motion when it was argued to trial but instead reserved ruling until the evidence was offered during the trial. The principle evidence connecting Guthrie with Goodin's death was contained in the statement. Thus counsel was required to prepare his defense and conduct the trial not knowing whether this crucial bit of evidence was to be admitted. The motion should have been ruled on prior to trial. See *People v. Pugh*, 3 Ill.App.3d 60, 272 N.E.2d 742.

Defendant urges numerous other assignments of error but since our holding with reference to the instructions is dispositive of the case we decline to consider them.

Defendant's conviction is reversed and the cause is remanded for retrial on the felony-murder charge contained in Count I of the Indictment in conformity with the views expressed herein.

Reversed and remanded.

CRAVEN, P. J., and SMITH, J., concur.