THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES COOK, JR., Defendant-Appellant.

(No. 72-260; ▆▆▆▆▆▆▆▆▆▆▆)

Third District—November 30, 1973.

Robert Agostinelli, Assistant Appellate Defender, of Ottawa, for appellant.

Henry Sintzenich, State's Attorney, of Macomb, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment finding defendant guilty of aggravated battery in a jury trial, pursuant to which defendant was sentenced to a term of from three to five years in the Illinois State Penitentiary. On appeal in this Court, defendant contends (1) that the court erred in not ruling on the motion to suppress the in-court identification of defendant; (2) that the statute under which the prosecution was had (Ill. Rev. Stat. 1969, ch. 38, § 12—4(b)) is unconstitutional as being an improper delegation of legislative authority and in violation of the equal protection clauses of the Federal and Illinois Constitutions; and (3) that the sentence of defendant is excessive because it is greater than that permitted by the statutes of this State.

The record discloses that defendant was accused of striking one

Jacqueline Scott at a laundromat on November 19, 1971, with a claw hammer. A description of the assailant was given to peace officers on the night of the occurrence. Thereafter, she was shown five pictures, including one of defendant Cook, on the night of the occurrence, and, after she identified the defendant as her assailant, she was shown an additional picture of defendant without comment by the officers. This was all before defendant's arrest. Mrs. Scott testified that the laundromat was well lighted and she had a lot of time to observe defendant and the details of his attire. She also identified defendant at a preliminary hearing.

On the day of the trial, March 1, 1972, with jury veniremen present in court and without prior notice, the defendant filed a motion to suppress the in-court identification of defendant by Mrs. Scott. Apparently the ruling on the motion to suppress the in-court identification was deferred until the evidence of Mrs. Scott was to be introduced at the trial at which time the defendant objected to such evidence on the same ground as specified in the motion to suppress. Argument was had outside the presence of the jury and the initial objection of defendant was sustained on the basis of insufficient foundation. On further questioning of Mrs. Scott, and when defendant's counsel renewed his objection to the in-court identification, the court overruled the objections of defendant. The prosecution states that the action of the court in overruling the defense objection thereby denied the defendant's motion to suppress. No specific ruling was made on the original motion to suppress as such.

Defendant contends that it was reversible error for the judge not to have ruled on the motion to suppress the in-court identification of defendant prior to trial. He cites *People v. Guthrie,* 7 Ill.App.3d 243, 286 N.E.2d 627, as support for his contention that it was error for the court to delay ruling on such motion. It is significant to note that in the cause before us, the motion to suppress the in-court identification was properly described by the prosecutor as "tardy and untimely". Defendant had ample time to file the motion to suppress with proper notice before trial, since he knew that he was being identified by the complaining witness. He waited, however, until the day of the trial. The State contends that this issue was properly heard at the moment when the identification issue was actually reached during the trial commencing on the same day. The defense objection as we have indicated was made on the same ground as urged in the motion to suppress.

■■ The photo line-up was never discredited by the defendant and there was a very extensive foundation to support the conclusion that the complaining witness had sufficient time to observe defendant in a well-lighted area at close range, and could, therefore, identify defendant in-

dependently of any other possibly tainted identification subsequent to the offense. As indicated by the Supreme Court in *People v. Williams*, 52 Ill.2d 455, 288 N.E.2d 406, even though procedure of a suppression hearing was improper, where the identification was clearly established at the trial, it was sufficient to cure any such defect. As stated in *People v. Tuttle*, 3 Ill.App.3d 326, a defendant has the burden of proving that a pre-trial identification procedure was so suggestive as to give rise to a very substantial likelihood of irreparable misidentification and must show that suggestive procedures, if any, which are established, must be shown to have been "unnecessary" to the totality of the circumstance. The court in such case also pointed out that even if a defendant successfully establishes those two elements an in-court identification may nonetheless be admissible if the State shows by clear and convincing evidence that such in-court identification had an independent origin.

■■ Applying such principles to the case before us, while we believe the better procedure would have been to rule specifically on the motion to suppress, it is clear that the identification of defendant by the prosecuting witness obviously had an independent origin arising from uninfluenced observation of defendant. The fact that the motion to suppress was filed on the day of trial as indicated herein, distinguishes this case from cases such as *People v. Guthrie*, 7 Ill.App.3d 243, cited by defendant. We, therefore, find no sound basis for reversal on the ground of the failure of the trial court to rule on or grant the motion to suppress and the objection to the in-court identification in this cause.

■■ Defendant also contends that the Act under which defendant was prosecuted, was unconstitutional for the reason that it allows the judge to treat the offense as a misdemeanor or as a felony without any guidelines to determine when it will be one or the other. It is unnecessary to treat this issue at length since we have discussed it quite extensively in *People v. Chambers*, 15 Ill.App.3d 23. The Supreme Court in *People v. Hanson*, 53 Ill.2d 79, 289 N.E.2d 611, also clearly found that this section is constitutional and that a defendant is not deprived of due process or equal protection by reason of its provisions (applied to an even more distinctive area involving greater protection to the police officer, if that officer is a victim of the aggravated battery). We, therefore, conclude that the statute is not violative of the constitution as an improper delegation of legislative authority or in depriving defendant of equal protection under the laws.

■ Defendant finally contends that the sentence for aggravated battery is excessive because it is greater than the sentence which would now be required by the Illinois Unified Code of Corrections, Ill. Rev. Stat., 1972 Supp., ch. 38, § 1005—8—1(c). We have had occasion to

treat this issue in a number of instances and have concluded that, with an appeal pending after January 1, 1973, a defendant is required to be resentenced under the Unified Code of Corrections. Aggravated battery is now a Class 3 felony. (Ill. Rev. Stat., 1972 Supp., ch. 38, § 12—4(d).) Under the Unified Code of Corrections, the minimum sentence for a Class 3 felony may not be more than one third of the maximum sentence set by the court. (Ill. Rev. Stat., 1972 Supp., ch. 38, § 1005—8—1 (c).) The defendant's minimum sentence, in the cause before us should, therefore, be reduced to one year and eight months.

This cause is, therefore, affirmed in all other respects but is remanded to the circuit court of McDonough County with directions that such court shall modify the sentence heretofore imposed as against defendant to provide that the minimum sentence of defendant shall be one year and eight months and the maximum sentence shall be five years. Other than as herein specified, the judgment of the circuit court of McDonough County is affirmed.

Affirmed and remanded for sentence modification.

STOUDER and DIXON, JJ., concur.