THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT J. JOHNSON, Defendant-Appellant.

(No. 73-28; ▮▮▮▮▮▮▮▮

Third District—December 30, 1974.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

James O. Christy, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from the judgment of the Circuit Court of Peoria County, following a jury trial, in which defendant was found guilty of aggravated battery and sentenced to the penitentiary for the term of not less than 2 nor more than 6 years.

On appeal in this court, defendant contends that the evidence in the cause failed to prove that defendant was guilty beyond a reasonable doubt. It is also contended that the section of the act under which defendant was convicted (Ill. Rev. Stat. 1971, ch. 38, § 12—4(a)) is un-

constitutional in that there is an improper delegation of legislative authority and, also, that the provision is in violation of equal protection of the laws. An issue challenging the jury panel was withdrawn by defendant.

The issue as to whether the evidence proved defendant guilty beyond a reasonable doubt requires a review of evidence on the issue of identification of defendant Johnson. Two significant witnesses testified for the State. The first witness, Walter Jatkoswki, was employed as a grocery clerk at a Kroger Store on Jefferson Street in Peoria. He testified that on October 19, 1971, he saw a man, whom he identified in the courtroom as the defendant, with another man, having an argument with Leslie Williamson, the manager of the store. Jatkowski said that the argument went on until he went to the office to call the police on the instructions of the manager. He thereafter saw defendant's companion in the store put a chicken under his coat and run toward the front of the store. Jatkowski pursued this man and, upon reaching the front of the store, he saw that defendant had the chicken at the checkout counter. Jatkowski then got into an argument with defendant as to whether or not he actually paid for the chicken. The argument terminated when Jatkowski told defendant and his companion to leave the store.

Jatkowski returned to his work but a short time later, while helping an elderly lady out of the store with her groceries, he encountered the two individuals who had been in the store and they began an argument in the parking lot next to the store claiming that Jatkowski was prejudiced against them because they were black and because he had falsely accused them of stealing the chicken. The men said they would not permit Jatkowski to return to the store, and as he attempted to return, defendant struck him twice on the face from a position to the side of the other man. Jatkowski stated that he could see the defendant's face clearly. After Jatkowski was hit from behind several times by defendant's companion and several more times by defendant himself, he fell to the ground, and from a prone position he saw the defendant and his companion running away from the scene. Jatkowski stated that he then crawled back into the store where Williamson instructed one of the other employees to take him to the hospital, while Williamson called the police. At the hospital it was revealed that Jatkowski had incurred a broken nose and a broken jaw.

When he was cross-examined, Jatkowski stated that he was approximately 2 feet away from defendant while arguing in the store but did not notice any scar on defendant's face at that time. He did notice a scar when defendant's attorney pointed it out at the trial. Jatkowski testified that he also did not notice any speech defect in defendant when

they were arguing, but attributed that to the fact that defendant was shouting at him at the time. Thereafter, the defense attorney positioned defendant in the courtroom at approximately the same distance he was at the time the argument occurred, and Jatkowski stated that he then could not see the scar from that distance.

The store manager, Williamson, testified that he noted a young man in the store who appeared to be shoplifting and that when he accosted this young man an argument ensued about whether he was in fact shoplifting. During the argument the young man threatened to "beat him up." During the course of the argument, another man, identified as defendant, joined the young man with whom Williamson was having the argument, and after the argument was terminated, Williamson returned to his office. Five minutes later, he stated, he saw Jatkowski coming into the store, bleeding from the head. He then testified he directed a store employee to take Jatkowski to the hospital. Williamson identified the two men in court and corroborated the testimony of Jatkowski as to the argument and confrontation in the store.

A police officer who appeared at the scene after the incident, testified that Williamson told him that he had not paid attention to the smaller man but that he could identify the taller of the two black men. He did, however, identify the smaller man in court. The defense consisted chiefly of an alibi that defendant had gone fishing with his son. The son did not testify. The alibi witnesses placed him 2 miles from the grocery store. The alibi did not account for the whereabouts of defendant at exactly the time of the battery. The witnesses who testified on behalf of defendant as to the alibi were defendant's sister, defendant's wife, and defendant himself.

■■ In this court, defendant contends that the in-court identification which was in conflict with the alibi defense testified to by more than one witness raised a reasonable doubt as a matter of law. He cites a line of cases, notably *People v. Gardner*, 35 Ill.2d 564 (1966), in support of such proposition. That case does not stand for exactly the principle which is contended for by defendant in this court. In that case, Mr. Justice Schaefer indicated that where a conviction of a defendant rests upon an identification which is doubtful, vague or uncertain, and there is reliable alibi evidence, the conviction would be reversed. The judge, however, indicated that the testimony of a single witness, if it is positive and the witness is credible, is sufficient to convict even though it is contradicted by the accused.

■■ In the cause before us, the identification is not so weak and the alibi so strong that a reasonable doubt is created as a matter of law. While the identification did not specifically cover the scar or certain

missing teeth, there was corroborative identification by the store manager of the testimony of the clerk who was the victim of the assault. The facts of the case, therefore, distinguish this case from those cited by defendant since there was clear identification of defendant. The question, therefore, was one for the jury to determine and not for action by the court, on the basis of evidence presented, as a matter of law. The determination of the jury indicated that the jury believed the testimony of the two eyewitnesses who clearly identified the defendant and that such identification was sufficient to sustain the verdict of the jury.

■■ The issue of constitutionality which was raised as to section 12—4 (a) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, § 12—4(a)) is one which we have considered recently in the cases of *People v. Chambers*, 15 Ill.App.3d 23, 303 N.E.2d 24, *People v. Williams*, 15 Ill.App.3d 294, and *People v. Cook*, 15 Ill.App.3d 345. We indicated in such cases that under the precedent of *People v. Keegan*, 52 Ill.2d 147, the aggravated battery provision in the Criminal Code, which provides for a penalty alternatively of imprisonment in a penal institution other than a penitentiary, or in the penitentiary from 1 to 10 years, is a constitutional provision. We will not repeat the detailed analysis which is found in such cases and adhere to the previous opinions announced by this court and herein referred to on such issue.

Since we find no reversible error in this cause, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.