THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PATRICK J. BUCKLEY, Defendant-Appellant.

Second District (2nd Division)   No. 75-308

Opinion filed October 26, 1976.

54

Ralph Ruebner, Peter B. Nolte, and Michael Mulder, all of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Christine M. Drucker, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant Patrick Buckley was indicted by a Kane County grand jury on one count of indecent liberties with a child and one count of deviate sexual assault. Following a jury trial, the defendant was found guilty of indecent liberties and not guilty of deviate sexual assault. He was sentenced to a term of six to 12 years on the indecent liberties conviction.

Defendant's contention on appeal is that the court committed reversible error when it allowed the State's request to read to the jury the complaining witness' consistent prior out-of-court written complaint to the police for the purpose of corroborating his in-court testimony. We agree and reverse and remand for a new trial.

The 15-year-old complaining witness testified that the offense occurred in the late evening hours of Saturday, May 11, 1974, and the early morning hours Sunday. The offense was first reported to the police Sunday evening, and the written complaint was executed late Monday morning. The only testimony at trial concerning the offense came from the complaining witness. He testified that he was at a large party at a friend's apartment and that he had been both smoking marijuana and drinking beer. He met and was talking to the defendant, and acceded to

defendant's request to accompany him to his apartment for a short while. He then-testified that while at defendant's apartment, defendant forced him to submit to the acts of indecent liberties which form the basis of the indictment.

The account given by the complaining witness was quite detailed. During cross-examination defense counsel attempted to cast doubt on his credibility by examining the complaining witness with regard to his emotional condition and his failure to use available means to call for help while in defendant's apartment. At the close of the direct and cross-examination of the complaining witness, the State sought to offer into evidence the written complaint he had given to the police for the purpose of showing that his testimony had been consistent with what he told the police 36 hours after the offense. Over strenuous objection by defendant, the court allowed the six-page statement read to the jury.

■■ The general rule is that the testimony of a witness cannot be bolstered up or supported by showing that the witness has made similar statements out of court in harmony with his testimony on the witness stand. (81 Am. Jur. 2d *Witnesses* §641-655 (1976); *People v. Clark* (1972), 52 Ill. 2d 374, 389; Annot., 140 A.L.R. 21, 166 (1942); Annot., 75 A.L.R. 2d 909, 915 (1961).) There are exceptions to the general rule, none of which are applicable in the instant case. In prosecutions for rape, it is proper for the prosecutrix to testify that a prompt complaint was made, but even in that situation, only the report of the offense may be testified to, and not the details or the name of the accused. (*People v. Damen* (1963), 28 Ill. 2d 464.) In any event, the rule permitting evidence of a complaint does not extend to the crime of taking indecent liberties with a minor, and its admission in such a case was held to be reversible error. *People v. Romano* (1923), 306 Ill. 502.

■■ Under another exception, in rebuttal to a charge or inference that the witness is motivated to testify falsely or that his testimony is of recent fabrication, prior consistent statements may be admissible to show that he told the same story before the motive came into existence, or before the time of the alleged fabrication. (*People v. Clark* (1972), 52 Ill. 2d 374.) There was no such charge or inference made in the instant case.

■■ Nor was this statement admissible as part of the res gestae, as it was not spontaneous and not given to the police until 36 hours after the offense. *People v. Crawford* (1962), 23 Ill. 2d 605; *People v. Smith* (1965), 55 Ill. App. 2d 480.

■■ Because none of the above mentioned exceptions are relevant in the instant case, it is clear that the sole purpose in introducing the out-of-court consistent statement was to bolster up or corroborate the in-court testimony of the witness; indeed in closing argument the State's Attorney asked the jury to compare the two statements and their consistency. We

therefore find that the court erred in allowing the State to read the statement into evidence, as it violated the general rule that a witness may not testify as to statements he made out of court for the purpose of corroborating his testimony given at the trial relative to the same subject. *People v. Clark* (1972), 52 Ill. 2d 374, 389; Cleary, Handbook of Illinois Evidence §9.12 (2d ed. 1963).

■■ We further find that the error in this case was so prejudicial as to compel a reversal with remand for a new trial. The complaining witness testified in detail to the offense. The defendant testified, admitting that he had met the complaining witness and taken him to his apartment, but stating that the reason he had asked the boy to accompany him was because he didn't have his keys and, because he had a bad leg, he needed someone to be lifted onto the balcony to gain entry through a picture window. The defendant denied that the alleged acts took place. There were no witnesses to the offense, nor was there any physical evidence introduced. We find that the improper bolstering of the complaining witness' testimony so prejudiced the defendant before a jury which had to weigh the complaining witness' word against the defendant's, as to deprive defendant of his right to a fair trial.

We therefore reverse the conviction for indecent liberties and remand to the Circuit Court of Kane County for a new trial.

Reversed and remanded.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.