THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* J. W. ANDERSON McKEE, Defendant-Appellant.

Second District   No. 76-332

Opinion filed September 22, 1977.

690

Ralph Ruebner and Allen L. Wiederer, both of State Appellate Defender's Office, of Elgin, for appellant.

John H. Maville, State's Attorney, of Belvidere (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

In a bench trial, defendant herein was found guilty of indecent liberties with a child committed on November 1, 1975. He was sentenced to 4-7 years in the penitentiary.

The first contention of the defendant is two-fold in that the defendant was denied a fair trial because: (1) the trial court considered improper evidence, and (2) the court considered and misconstrued other evidence in deciding the question of the defendant's guilt or innocence. The second contention of the defendant is that he was denied the effective assistance of counsel as his attorney failed to properly object to immaterial and prejudicial evidence and failed to impeach the 10-year-old complaining witness with an alleged prior inconsistent statement.

The record herein is intertwined with an occurrence on Halloween evening, October 31, 1975, and the unrelated offense allegedly occurring on the next day between the defendant and the 10-year-old boy. The defendant lives apparently alone in the Oak Lawn Trailer Park in Poplar Grove, Illinois. The alleged victim also resides in a trailer in this park with his family. On Halloween night several children went to the trailer of

the defendant "trick or treating" and the defendant, in the nude, answered the doorbell. A complaint was registered and a deputy sheriff was called who talked to the defendant. The next day, November 1, 1975, the 10-year-old boy went to the trailer of the defendant and allegedly watched a football game. At the trial the complainant testified that the defendant inserted his penis into the boy's rectum. He further testified that the defendant performed an act of fellatio on him. The complainant further testified that he and the defendant drove to Belvidere. They then returned to the defendant's trailer. On that afternoon the sheriff was called to the trailer of the defendant and the boy exited the trailer from the rear where the bedroom was located. At this point the boy was returned to his mother and he subsequently made a statement to her in the sheriff's car as to what transpired in the defendant's trailer on November 1. The defendant was arrested for public indecency and taken to the Boone County Public Safety Building where he made a written statement after being given the *Miranda* warnings. His statement pertained only to the events occurring on Halloween evening. Upon inquiry by the officers, the defendant denied that he had committed any sexual acts with the complainant. The written statement was admitted into evidence in which he admitted that he had answered the door and "the kids seen me with no clothes on." On November 3, 1975, the defendant was charged with indecent liberties with a child. At the bench trial the mother was permitted to relate in detail the statement of the boy to her as to the sexual acts that took place in the trailer with the defendant, wherein, in response to his mother's question, he said that his "butt" hurt because Mr. McKee "stuck his weiner in his butt."

Defendant has a speech impediment but is employed and has a drivers license. Psychiatrists were appointed to determine whether the defendant was fit to stand trial and found that he was cognizant of the difference between right and wrong and able to cooperate with his counsel. No question has been raised in this appeal as to the defendant's fitness to stand trial.

It can thus be seen that the evidence adduced at this trial covered both the "public indecency" event on Halloween evening and the indecent liberties with the child on the next day, November 1, 1975.

■■ We turn to the first contention of the defendant that the trial court erred in allowing the mother's testimony as to the substance of the complaint made by the child several hours after the incident. Defendant contends that this testimony should not have been admitted either as a spontaneous declaration or a prompt complaint. It is obviously not a spontaneous declaration as it does not come within the rule laid down in *People v. Poland* (1961), 22 Ill. 2d 175, 181, 174 N.E.2d 804, 807, where the court held that hearsay may be admitted as a spontaneous declaration if:

(1) there was an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) there was an absence of time to fabricate; and (3) the statement relates to the circumstances of the occurrence. Some little time elapsed between the time of the alleged offense, including a trip to several stores in Belvidere, and the eventual return to the defendant's trailer. There certainly was time to fabricate. The statement was not a spontaneous declaration.

We then come to the question of whether or not it is an exception to the hearsay rule as being a prompt complaint. Whether evidence of a prompt complaint in indecent liberties cases is admissible is somewhat confusing. In *People v. Romano* (1923), 306 Ill. 502, 504, 138 N.E. 169, 170, the supreme court specifically stated, "The rule permitting evidence of a complaint does not extend to the crime of taking indecent liberties with a child." Justice Carter, in dissenting, however, disagreed and stated,

> "The mother's testimony in this case as to the fact of complaint by her daughter was properly admitted. Failure to make prompt complaint should, in rape cases, be given such weight in favor of the accused as the circumstances will warrant. [Citation.] The same rule should apply in cases of this character." (306 Ill. 502, 505, 138 N.E. 169, 170.)

Since the *Romano* case, the courts of Illinois have somewhat vacillated on this issue. In *People v. De Moon* (1974), 16 Ill. App. 3d 510, 306 N.E.2d 618 (abstract), the court held that the complaint to the mother by the child, without stating the substance thereof was not ground for reversal where no objection was made. In *People v. Bolyard* (1974), 23 Ill. App. 3d 497, 500, 319 N.E.2d 265, 267, *rev'd on other grounds*, 61 Ill. 2d 583, 338 N.E.2d 168, the court, after stating that the charge of indecent liberties is easy to make and difficult to defend, went on to state, "Many elements may be taken into consideration, such as the delay in making a complaint." See also *People v. Meyers* (1972), 7 Ill. App. 3d 82, 287 N.E.2d 11, and *People v. Padfield* (1974), 16 Ill. App. 3d 1011, 307 N.E.2d 183, where the defense raised the issue of delay in making a complaint of indecent liberties. This court, in *People v. Buckley* (1976), 43 Ill. App. 3d 53, 55, 356 N.E.2d 1113, 1114, on the other hand, held,

> "In any event, the rule permitting evidence of a complaint does not extend to the crime of taking indecent liberties with a minor, and its admission in such a case was held to be reversible error. *People v. Romano* (1923), 306 Ill. 502."

■■ It would appear that the Illinois courts are somewhat skirting the issue of whether the *evidence* of a complaint by the minor is admissible, while adhering to the premise that, as in rape cases, the substance of the complaint, except under the spontaneous declaration exception, is not admissible. (*People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25.) In the

case before us we have no difficulty in holding that the admission into evidence, over objection by the defendant, of the substance of the complaint by the child to his mother was error.

■■ We turn then to the question of whether or not the trial court improperly considered immaterial evidence, to-wit: the alleged public indecency offense occurring on Halloween evening. There is no question but that the judge did in fact consider this charge as he stated,

> "We have a statement made by the defendant in which he declares that he was without clothes on Halloween night and that the kids came to the door. He says in this statement he had taken a shower, gone to bed and had got up and didn't have time to put his clothes on. O.K. Take that into consideration."

It is readily apparent that the evidence pertaining to the unrelated alleged public indecency offense admitted in this trial was prejudicial error.

The issue as to the alleged incompetence of counsel raised by the defendant is not necessary for the determination of this appeal and, accordingly, we will not consider this issue. The defense of an indecent liberties charge is indeed difficult and the trial tactics in defending the same vary from case to case.

■■ Finally, we consider the motion to suppress and we note that preliminary matters such as a motion to suppress evidence are often heard concurrently with substantive issues as a matter of judicial economy. This mode of procedure can be effective since it obviates a need for calling the same witnesses for identical testimony in two phases of the same proceeding. However, regardless of the utility of this procedure it seems obvious that some standard of care should be exercised in its selection. The particular standard of care necessary has not been raised or briefed by the parties and our own research has failed to reveal any cases directly on point. Consequently, we hold that before a trial court can conduct a concurrent hearing of evidence on preliminary and substantive issues in a bench trial of a criminal case, the judge should determine whether the testimony to be offered would be mutually material to both phases of the proceeding. In addition, the trial court must determine whether the testimony properly relating to the preliminary matter would be improper, inflammatory or prejudicial in the context of the issue of defendant's guilt or innocence. If there is no mutual materiality, or if a probability of admission of improper evidence exists, then the proceedings should be bifurcated. We feel this is a preventive measure, bearing clearly in mind that the judge, if acting as a trier of fact, is presumed to consider only admissible evidence in his decision. (*People v. Robinson* (1964), 30 Ill. 2d 437, 197 N.E.2d 45.) Nonetheless, judges are human and as such may err. It has been observed by our Supreme Court that:

> "Courts have no more right than a jury to convict the accused on

incompetent evidence." *People v. Reichert* (1933), 352 Ill. 358, 361, 185 N.E. 585, 586.

Applying the above standard to the instant case, we find from the record that the testimony regarding the motion to suppress concerned itself almost exclusively with the alleged events of October 31, 1975. That evidence was ostensibly offered to show probable cause for defendant's arrest, the circumstances surrounding defendant's subsequent statements and the substance of those statements. While clearly proper in its own context, this evidence as to the alleged public indecency on October 31, 1975, was immaterial to the offense of indecent liberties committed on November 1, 1975.

■■ In summation, the court erred in admitting the testimony of the mother as to the substance of the boy's statement to her concerning the details of the sexual incident; and the court erred in admitting evidence, and considering the same, of the unrelated incident occurring on October 31. We further find that the considering of the motion to suppress throughout the trial without first ruling on the same before evidence as to the offense was admitted constituted error.

While we recognize that it is, of course, presumed that the court in a bench trial considers only proper evidence, it is obvious that the record herein discloses that the judge did in fact consider improper evidence in arriving at his verdict, even though the guilt or innocence of the defendant could have been ascertained if the improper evidence had been excluded. Notwithstanding this, the defendant is entitled to a fair trial upon evidence properly admitted.

We therefore reverse and remand for a new trial before a different judge.

Reversed and remanded.

WOODWARD and BOYLE, JJ., concur.