THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS FERGUSON, Defendant-Appellant.

Fourth District   No. 14001

Opinion filed March 24, 1977.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald Dozier, State's Attorney, of Bloomington (Robert C. Perry and Jane F. Bularzik, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Thomas Ferguson was charged in the Circuit Court of McLean County with committing the offense of armed robbery on November 18, 1975. Defendant tendered to the court a plea of guilty based upon negotiations with the prosecutor whereby in exchange for the plea of guilty the prosecutor agreed to recommend a sentence of 8 to 10 years imprisonment. After being advised of the plea agreement, the factual basis for the plea and defendant's prior criminal record, the trial court refused to give tentative approval to the plea agreement. The court then permitted defendant to withdraw his tendered plea and to reenter a plea of not guilty. After a jury trial defendant was found guilty and sentenced to 10 to 20 years imprisonment.

Upon appeal defendant's sole contention is that the sentence should be reduced to conform to the sentence proposed in the tentative negotiated plea agreement because the court abused its discretion in not accepting that agreement. Defendant's theory is based upon the decision in *United States v. Ammidown* (D.C. Cir. 1973), 497 F.2d 615. There, the prosecution and the defendant, after negotiations, had reached agreement for a defendant charged with first degree murder to plead to second degree murder. The trial judge had refused to accept the plea. On appeal the court reversed, stating:

> "The judge may withhold approval if he finds that the prosecutor has failed to give consideration to factors that must be given consideration in the public interest, factors such as the deterrent aspects of the criminal law. However, trial judges are not free to withhold approval of guilty pleas on this basis merely because their conception of the public interest differs from that of the prosecuting attorney. The question is not what the judge would do if he were the prosecuting attorney, but whether he can say that the

action of the prosecuting attorney is such a departure from sound prosecutorial principle as to make it an abuse of prosecutorial discretion." 497 F.2d 615, 622.

Although a situation exactly similar to the instant case has not been presented to the courts for review in this State, our decisions make clear that the rule in *Ammidown* is not applicable. In *People v. Williams* (1973), 10 Ill. App. 3d 456, 458, 294 N.E.2d 98, 100, a defendant charged with murder tendered a guilty plea to voluntary manslaughter pursuant to an agreement with the State's attorney who had agreed to recommend a sentence of 5 to 15 years imprisonment upon acceptance of the plea. Three separate trial judges refused to accept the plea. Defendant was subsequently tried, found guilty of murder and sentenced to 20 to 30 years imprisonment. On appeal the trial court's refusal to accept the plea was held to be proper. The court stated that the State's attorney usually has the discretion to determine the charge but that "the judiciary has the power and the discretion to determine the severity of the sentence, should the defendant be found guilty." *Williams* was followed in *People v. Weeks* (1976), 37 Ill. App. 3d 41, 344 N.E.2d 791.

■■ This court stated in *People v. Congleton* (1974), 16 Ill. App. 3d 1003, 1006, 308 N.E.2d 156, 158, "[S]entencing is a judicial function and it remains so in plea negotiation cases." A plea agreehent is merely a recommendation for the trial court to consider. *People v. Cheshier* (1972), 3 Ill. App. 3d 523, 278 N.E.2d 93; *Williams.*

■■ Although the trial court is not required to accept a particular plea agreement, the ultimate sentence imposed is, nevertheless, subject to review. Other than objecting to the refusal of the court to accept the plea agreement, defendant has made no other contention that the instant sentence is excessive. We do not find it to be so. Evidence presented at trial indicated that defendant participated in the armed robbery of a restaurant where one of the robbers used a shotgun, one a revolver, and one a knife. The patrons were herded into a walk-in freezer while the manager was compelled to empty the cash from the office safe and the cash register into bags for the robbers. The manager was struck on the head with a revolver by a robber other than the defendant. Defendant had a prior conviction for armed robbery. Subsequent parole from that conviction was revoked because of defendant's commission of a burglary. He had been again placed on parole a little over two months before the present offense. The sentence from which appeal is taken is affirmed.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.