125 Ill. App.3d 277 (1984)
465 N.E.2d 937
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant,
v.
CHRISTOPHER DILGER, Defendant-Appellee.
No. 2-83-0174.
Illinois Appellate Court  Second District.
Opinion filed June 20, 1984.
Rehearing denied July 24, 1984.
*278 J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner and Diana Fischer-Woods, Assistant State's Attorneys, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.
*279 Travis, Tucker, Pavesich & Associates, of Lombard, for appellee.
Judgment reversed, order vacated and cause remanded.
JUSTICE NASH delivered the opinion of the court:
The State appeals from the purported acquittal by the circuit court of defendant, Christopher Dilger, of the offense of theft of labor or services or use of property. (Ill. Rev. Stat. 1981, ch. 38, par. 16-3(b).) It contends the trial court's finding of not guilty constituted an improper dismissal of the charge against defendant.
The primary issue we consider is whether the trial court was authorized to enter a judgment of not guilty on behalf of defendant premised upon the factual basis for his plea of guilty offered by the State's Attorney pursuant to Supreme Court Rule 402(c) (87 Ill.2d R. 402(c)).
A jury trial of the charge against defendant in the information was scheduled for the afternoon of January 24, 1983. On the morning of that day the assistant State's Attorney, defendant's counsel and defendant appeared before the trial court and stated they wished to tender to it a tentative plea agreement. The terms of the agreement were that the offense would be reduced from the Class 4 felony charged to a Class A misdemeanor and the State would recommend a sentence of one year supervision, a fine of $500 and an order for restitution of $1,600 to Hertz Rent-a-Car.
As the factual basis for the plea, the assistant State's Attorney represented that on July 17, 1982, defendant rented a Lincoln Continental automobile from the Hertz Corporation in Itasca, Illinois. The contract provided the car was to be returned on July 19, 1982, and when it was not returned, Hertz sent a written notice to defendant demanding return of the vehicle. After waiting seven days, the car had still not been returned and Hertz notified the police it was missing and the criminal charge was placed against defendant. Defendant turned himself in to the police and stated he had rented the car, used it for one day and then loaned it to a Carol Lawson, telling her to return it on July 19. She failed to do so, and defendant stated he did not know how to get in touch with her. On September 11, the car was recovered from Lawson after having been driven an additional 4,000 miles. The following colloquy then took place:
"THE COURT: I reject the agreement. As far as I am concerned, that statement of facts does not show any wilful violation of any criminal statute. Those are the facts and he is not guilty of anything.
MS. WILSON [Assistant State's Attorney]: Your Honor, it is the People's position that his lending a car to a person that he *280 does not know or barely knows, does not know how to get in touch with and doesn't have the addre's [sic] for 
THE COURT: Certainly there is a civil claim for Hertz against this person for whatever damages he might have caused, but it does not constitute a criminal violation.
MR. McCOY [Defendant's counsel]: I move to strike the complaint, then.
THE COURT: Well, no, we will have to have a trial. I can't strike anything. Let me take a look at the complaint.
It says he wilfully failed to return the vehicle within that period of time, but the statement of facts is contrary to that. The statement says he gave it to somebody else and that person didn't return it and I don't know how that could sustain a charge of wilfulness. As I say, it doesn't state a criminal offense the way you told it to me just now. I find the Defendant not guilty and he is discharged."
The State contends that as a trial did not take place and defendant was never placed in jeopardy, the court was not authorized to find him not guilty. Defendant asserts that as he was in court for the purpose of entering a plea of guilty and stipulated to the prosecutor's facts, he was in danger of being found guilty and sentenced. Thus, he argues, he was placed in jeopardy and the trial court had the power under Supreme Court Rule 402(c) (87 Ill.2d R. 402(c)), which requires the trial court to determine the factual basis for a guilty plea, to enter a finding of not guilty. Defendant also argues that the judgment of not guilty is res judicata and principles of double jeopardy bar further prosecution.
 1 It is fundamental that after a trial on the merits in a criminal case the State may not appeal from a judgment of acquittal. (Ill. Const. 1970, art. VI, sec. 6; People v. Van Cleve (1982), 89 Ill.2d 298, 307, 432 N.E.2d 837; People v. Verstat (1983), 112 Ill. App.3d 90, 96, 444 N.E.2d 1374.) An acquittal occurs when the trier of fact renders a finding of not guilty based upon evidence before it (People v. King (1974), 17 Ill. App.3d 1064, 1066-67, 309 N.E.2d 598); however, the word "acquittal" has no talismanic quality, as the substance of what was done controls, not how it was labeled. (Serfass v. United States (1975), 420 U.S. 377, 392, 43 L.Ed.2d 265, 276-77, 95 S.Ct. 1055, 1064-65; People v. Deems (1980), 81 Ill.2d 384, 388, 410 N.E.2d 8, cert. denied (1981), 450 U.S. 925, 67 L.Ed.2d 355, 101 S.Ct. 1378.) A trial court's designation of its judgment as an acquittal or dismissal is not determinative of the judgment's nature or appealability. United States v. Scott (1978), 437 U.S. 82, 96, 57 L.Ed.2d 65, 77-78, 98 S. *281 Ct. 2187, 2196-97; People v. Deems (1980), 81 Ill.2d 384, 388-89, 410 N.E.2d 8, cert. denied (1981), 450 U.S. 925, 67 L.Ed.2d 355, 101 S.Ct. 1378; People v. Verstat (1983), 112 Ill. App.3d 90, 96, 444 N.E.2d 1374.
 2 It is also apparent that a defendant cannot be acquitted until after a trial. The purpose of a trial is to discover, so far as human agencies can, whether a defendant is guilty or not and has been described as a contest held just once between well-prepared adversaries of roughly equal strength. (People v. Tribbett (1967), 90 Ill. App.2d 296, 301, 232 N.E.2d 523, aff'd (1968), 41 Ill.2d 267, 242 N.E.2d 249.) The rights of the State to a fair, orderly, impartial trial are to be protected by the court to the same extent as defendant's. (People v. Kalpak (1957), 10 Ill.2d 411, 428, 140 N.E.2d 726; People v. Meisenhelter (1942), 381 Ill. 378, 389, 45 N.E.2d 678.) The State is allowed one full opportunity to vindicate its societal interest in enforcement of its criminal laws. United States v. Jorn (1971), 400 U.S. 470, 483-84, 27 L.Ed.2d 543, 555-56, 91 S.Ct. 547, 556; People v. Pankey (1983), 94 Ill.2d 12, 19, 445 N.E.2d 284.
 3 Supreme Court Rule 402 governs pleas of guilty, and Rule 402(c) provides that "[t]he court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." (87 Ill.2d R. 402(c).) The purpose of the rule is to allow the trial court to insure that defendant is not pleading guilty to a crime which his acts and mental state do not support. (People v. Barker (1980), 83 Ill.2d 319, 327-28, 415 N.E.2d 404, cert. denied (1981), 452 U.S. 964, 69 L.Ed.2d 976, 101 S.Ct. 3116; People v. Martin (1978), 58 Ill. App.3d 633, 637, 374 N.E.2d 1012, appeal denied (1978), 71 Ill.2d 612.) The quantum of proof necessary to establish a factual basis for a plea is less than that necessary to sustain a conviction after a full trial. (People v. Barker (1980), 83 Ill.2d 319, 327, 415 N.E.2d 404, cert. denied (1981), 452 U.S. 964, 69 L.Ed.2d 976, 101 S.Ct. 3116; People v. Nyberg (1976), 64 Ill.2d 210, 215, 356 N.E.2d 80, cert. denied (1977), 430 U.S. 970, 52 L.Ed.2d 362, 97 S.Ct. 1654.) In evaluating the sufficiency of the factual basis to support a plea of guilty, the trial court should apply standards similar to those used to determine the sufficiency of the State's evidence at trial to withstand a motion for a directed verdict of not guilty (People v. Barker (1980), 83 Ill.2d 319, 328, 415 N.E.2d 404, cert. denied (1981), 452 U.S. 964, 69 L.Ed.2d 976, 101 S.Ct. 3116), and a plea of guilty should not be accepted if a defense worthy of consideration exists. People v. Spicer (1970), 47 Ill.2d 114, 116, 264 N.E.2d 181; People v. Ramos (1982), 110 Ill. App.3d 225, 228, 441, N.E.2d 1153, appeal *282 denied (1982), 91 Ill.2d 578.
It is also well established that a trial court is not required to accept a tendered plea agreement (People v. Ferguson (1977), 46 Ill. App.3d 732, 734, 361 N.E.2d 333; People v. Morgan (1973), 14 Ill. App.3d 232, 234, 302 N.E.2d 152, aff'd (1974), 59 Ill.2d 276, 319 N.E.2d 764) and, if the court finds that doubt exists as to a defendant's guilt and justice requires the withdrawal or the nonacceptance of a tendered guilty plea, then the matter is to go to trial. See People v. Worley (1966), 35 Ill.2d 574, 221 N.E.2d 267, cert. denied (1967), 386 U.S. 972, 18 L.Ed.2d 130, 87 S.Ct. 1163; People v. Benedetto (1981), 102 Ill. App.3d 10, 428 N.E.2d 1169; People v. Dellecarto (1978), 67 Ill. App.3d 490, 384 N.E.2d 902, appeal denied (1979), 74 Ill.2d 587.
Nothing contained in Supreme Court Rule 402 supports the procedures followed by the trial court in this instance. If, after considering the factual basis for a plea offered by the State, a court finds that there is an insufficient basis offered on which it may accept a plea of guilty from defendant, the court has no alternative other than to submit the case to trial. In this case, the trial court apparently considered the factual statements by the assistant State's Attorney as evidence upon which it was authorized to decide whether defendant was guilty or not guilty. That is not the purpose of Rule 402(c), and neither that rule nor any other authority permits resolution of a case on this basis. It has been said that "[t]he determination of whether or not there is a factual basis for a plea is poles apart from a determination of whether or not after a full-blown trial the evidence will sustain a conviction or establish a defense not made or asserted during the proceedings." People v. Love (1972), 6 Ill. App.3d 577, 581, 286 N.E.2d 355, appeal denied (1972), 52 Ill.2d 598.
 4 It is apparent that the present case was not called for trial, no witnesses were sworn and no evidence received by the trial court. The State was not required in this proceeding to establish its case beyond a reasonable doubt. (People v. Nyberg (1976), 64 Ill.2d 210, 215, 356 N.E.2d 80, cert. denied (1977), 430 U.S. 970, 52 L.Ed.2d 362, 97 S.Ct. 1654; People v. Hudson (1972), 7 Ill. App.3d 800, 803, 288 N.E.2d 533.) The trial judge improperly combined the preliminary issue of whether to accept a plea of guilty from defendant with the substantive issue of guilt or innocence. (See People v. McKee (1977), 52 Ill. App.3d 689, 367 N.E.2d 1000.) The standards adopted by the rule for accepting guilty pleas are for the purpose of assuring protection of a defendant's procedural rights in criminal proceedings (In re Beasley (1977), 66 Ill.2d 385, 389, 362 N.E.2d 1024, cert. denied (1978), *283 434 U.S. 1016, 54 L.Ed.2d 761, 98 S.Ct. 734), and are not intended to be a substitute for a trial on the merits.
Supreme Court Rule 604(a)(1) provides that the State may appeal from a judgment, "the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963." (87 Ill.2d R. 604(a)(1).) The rule has been interpreted to allow a State appeal from a judgment having that substantive effect, even if the ground upon which the court disposed of the case is not stated in section 114-1. People v. Lawson (1977), 67 Ill.2d 449, 455, 367 N.E.2d 1244; People v. Verstat (1983), 112 Ill. App.3d 90, 96, 444 N.E.2d 1374.
 5 This case was not dismissed for any of the grounds contained in section 114-1 or for an asserted violation of defendant's right to due process. The trial court conceded the offense was properly charged and no written motion for dismissal was tendered by defendant. We consider the trial court, in disposing of the case on merits which were not yet before it, engaged in a procedure of the type which has been criticized in other cases. (See People v. Deems (1980), 81 Ill.2d 384, 410 N.E.2d 8, cert. denied (1981), 450 U.S. 925, 67 L.Ed.2d 355, 101 S.Ct. 1378; People v. Hall (1983), 117 Ill. App.3d 881, 454 N.E.2d 6; People v. Verstat (1983), 112 Ill. App.3d 90, 444 N.E.2d 1374; People v. Edwards (1981), 97 Ill. App.3d 407, 422 N.E.2d 1117, appeal denied (1981), 85 Ill.2d 569.) The judgment of not guilty entered by the trial court in these circumstances must be considered as void and of no effect.
 6 For the reasons we have earlier discussed, we find that defendant's further argument that the judgment of the trial court is res judicata is without merit. Equally without merit is defendant's contention that he was placed in jeopardy, thus barring any further prosecution. The constitutional concept of jeopardy requires that the accused be on trial for the offense charged at a judicial proceeding directed to reaching a final determination of his guilt or innocence of the offense. (People v. Chatman (1967), 38 Ill.2d 265, 270, 230 N.E.2d 879; see People v. Kinion (1982), 105 Ill. App.3d 1069, 435 N.E.2d 533, cert. denied (1983), 460 U.S. 1014, 75 L.Ed.2d 484, 103 S.Ct. 1256.) In a bench trial, jeopardy ordinarily attaches when the first witness is sworn and the court begins to hear evidence. (United States v. Martin Linen Supply Co. (1977), 430 U.S. 564, 569, 51 L.Ed.2d 642, 649-50, 97 S.Ct. 1349, 1353-54; People v. Deems (1980), 81 Ill.2d 384, 389, 410 N.E.2d 8, cert. denied (1981), 450 U.S. 925, 67 L.Ed.2d 355, 101 S.Ct. 1378.) No witnesses were sworn in this case and no evidence was heard. Where a cause has been called to trial improperly, *284 no witnesses sworn and no evidence received, a defendant has not been put to trial and jeopardy will not attach. People v. Dellecarto (1978), 67 Ill. App.3d 490, 495-96, 384 N.E.2d 902, appeal denied (1979), 74 Ill.2d 587.
Accordingly, the judgment of the trial court will be reversed, its order vacated and this cause remanded to the circuit court for trial or further proceedings before another judge.
Reversed, vacated and remanded.
REINHARD and VAN DEUSEN, JJ., concur.