(No. 62355.—

THE PEOPLE *ex rel.* RICHARD M. DALEY, State's Attorney, Petitioner, v. FRED G. SURIA, JR., Judge, *et al.*, Respondents.

*Opinion filed March 19, 1986.*

28

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Thomas V. Gainer, Jr., and Christopher J. Cummings, Assistant State's Attorneys, of counsel), for the People.

Thomas F. Geraghty, of Chicago, for respondent Fred G. Suria.

JUSTICE SIMON delivered the opinion of the court:

Does a circuit judge have authority to find a defendant guilty of a lesser included offense of the one for which the defendant was indicted when the defendant enters a guilty plea only to the greater offense? The State challenges such action by the trial judge, Fred G. Suria, a judge of the circuit court of Cook County, in the cases which are the subject of this proceeding.

Defendants Milton McCarter, Johnson Hughes, Ernest McCarter, Frank Sims, and Michael Alfred were charged in that court with various one-count indictments alleging possession of a controlled substance (heroin) with intent to deliver (Ill. Rev. Stat. 1983, ch. 56½, par. 1401). In the case of each of these defendants except Alfred the amount involved was more than 15 grams. Alfred was charged with possessing with intent to deliver more than 10 but less than 15 grams. Defendant Tony Henry was charged in the same court with two counts of burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—1) and two counts of felony theft (Ill. Rev. Stat. 1983, ch. 38, par. 16—1).

During conferences requested by the defendants—in which Judge Suria participated and at which an assistant State's Attorney was present—Judge Suria indicated that he would find the defendants guilty of lesser offenses and sentence them to probation if they pleaded guilty to the charges. The State did not agree to Judge Suria's proposal. Following these conferences, however, each defendant withdrew his previously entered not guilty plea and entered instead a plea of guilty to all charges in the indictment naming him. The State then offered stipulated testimony supplying the factual basis for each plea as required by our Rule 402(c) (87 Ill. 2d R.

402(c)), and Judge Suria found each defendant guilty of lesser offenses than those to which they had pleaded guilty. While the narcotics offenses to which the defendants pleaded carried a mandatory prison sentence (with the possible exception of the charges against Alfred), Judge Suria sentenced each defendant to probation on the lesser offenses on which he found them guilty.

The State petitioned this court for a supervisory order pursuant to Supreme Court Rule 383 (94 Ill. 2d R. 383) directing the respondent, Judge Suria, (i) to vacate his findings of guilt on the offenses other than those for which the defendants were indicted, and (ii) to vacate the defendants' guilty pleas and require each defendant to enter a new plea to the offenses with which he was charged. We ordered briefs filed on that petition and have heard oral argument.

The defendants argue that on the basis of the stipulated testimony Judge Suria properly found the defendants in the narcotics cases guilty of simple possession rather than possession with intent to deliver. They contend that the stipulated testimony did not show any sales activity and, at least with respect to defendant Sims, no relationship to narcotics at all. Defendant Henry's position is that his statement to undercover police officers, set forth in the stipulated testimony, that he had stolen two radios he was offering to sell in a resale shop did not establish that he was guilty of burglary. He refers to an offer of proof he presented that if called to testify his testimony would be that he did not steal the radios out of autos but instead bought them on the street not knowing that they had been stolen. He also points out that the stipulated testimony related to the value of the radios when they were purchased new, not to their value when they were stolen out of automobiles a few weeks after their purchase. Because the undercover officers involved had purchased the radios from

Henry for less than $75 each, the value of the stolen items was alleged by Henry to be less than the minimum amount required to make him eligible for conviction of felony theft. Henry therefore argues that the stipulated testimony established at most that he committed only the misdemeanor theft of which Suria found him guilty.

Supreme Court Rule 402(c) reads:

"(c) Determining Factual Basis for Plea. The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." 87 Ill. 2d R. 402(c).

The determination required by the rule is intended to protect those accused of crime by ensuring that they have not pleaded guilty by mistake or under a misapprehension, or been coerced or improperly advised to plead to crimes they did not commit. The rule is not intended to convert a guilty plea into a substitute for a trial. The manner in which the rule is to be applied was accurately stated by our appellate court in *People v. Dilger* (1984), 125 Ill. App. 3d 277:

"The purpose of the rule is to allow the trial court to insure that defendant is not pleading guilty to a crime which his acts and mental state do not support. (*People v. Barker* (1980), 83 Ill. 2d 319, 327-28, 415 N.E.2d 404, *cert. denied* (1981), 452 U.S. 964, 69 L. Ed. 2d 976, 101 S. Ct. 3116; *People v. Martin* (1978), 58 Ill. App. 3d 633, 637, 374 N.E.2d 1012, *appeal denied* (1978), 71 Ill. 2d 612.) The quantum of proof necessary to establish a factual basis for a plea is less than that necessary to sustain a conviction after a full trial. (*People v. Barker* (1980), 83 Ill. 2d 319, 327, 415 N.E.2d 404, *cert. denied* (1981), 452 U.S. 964, 69 L. Ed. 2d 976, 101 S. Ct. 3116; *People v. Nyberg* (1976), 64 Ill. 2d 210, 215, 356 N.E.2d 80, *cert. denied* (1977), 430 U.S. 970, 52 L. Ed. 2d 362, 97 S. Ct. 1654.) In evaluating the sufficiency of the factual basis to support a plea of guilty, the trial court should apply standards similar to those used to determine the sufficiency of the State's evidence at trial to withstand a mo-

tion for a directed verdict of not guilty (*People v. Barker* (1980), 83 Ill. 2d 319, 328, 415 N.E.2d 404, *cert. denied* (1981), 452 U.S. 964, 69 L. Ed. 2d 976, 101 S. Ct. 3116), and a plea of guilty should not be accepted if a defense worthy of consideration exists. *People v. Spicer* (1970), 47 Ill. 2d 114, 116, 264 N.E.2d 181; *People v. Ramos* (1982), 110 Ill. App. 3d 225, 228, 441 N.E.2d 1153, *appeal denied* (1982), 91 Ill. 2d 578.

\*\*\*

\*\*\* *If, after considering the factual basis for a plea offered by the State, a court finds that there is an insufficient basis offered on which it may accept a plea of guilty from defendant, the court has no alternative other than to submit the case to trial.* In this case, the trial court apparently considered the factual statements by the assistant State's Attorney as evidence upon which it was authorized to decide whether defendant was guilty or not guilty. That is not the purpose of Rule 402(c), and neither that rule nor any other authority permits resolution of a case on this basis." (Emphasis added.) 125 Ill. App. 3d 277, 281-82.

Thus, if the trial judge was not satisfied that any defendant was guilty of the offense to which his guilty plea was directed, the authority and obligation of the trial judge was limited to refusing to accept the plea; his authority did not extend to finding any defendant guilty, without a trial, of a lesser included offense to which the defendant had not entered a plea.

By finding the defendants guilty of lesser offenses than the ones to which their pleas were directed, the circuit judge rejected the pleas entered to the greater offenses. It follows logically that since the pleas that were entered were not accepted, there were no pleas outstanding on the basis of which the circuit court could have found the defendants guilty of other offenses without trial.

In *People ex rel. Daley v. Limperis* (1981), 86 Ill. 2d 459, the trial judges, after trial (and not pursuant to

guilty pleas), found the defendants guilty of delivery of less than 30 grams of a controlled substance, although the stipulated evidence clearly established that more than 30 grams was involved. In that case the State alleged that the trial judges, against whom it sought a *mandamus* to compel imposition of the imprisonment mandated by statute for one convicted of delivery of more than 30 grams, deliberately avoided application of that sentencing requirement. Although this court refrained from issuing the *mandamus* requested because it concluded that to do so would subject the defendants to double jeopardy, the court announced its disapproval of the practice engaged in by the respondent trial judges:

> "We do not imply by this decision that we approve of the manner in which respondents deal with these cases. In view of the stipulations concerning the quantities of the substances delivered we perceive no basis for the findings of deliveries of lesser amounts. Our holding that there is a constitutional impediment to review of these judgments, which appear to be based upon 'an egregiously erroneous foundation,' is not to be employed as a device to preclude scrutiny of acquittals intended to circumvent statutory directives." (*People ex rel. Daley v. Limperis* (1981), 86 Ill. 2d 459, 468-69.)

Here we have no double jeopardy problem because, never having gone to trial, the defendants were never at peril on the charges instituted against them by the indictment. (*Cf. Ohio v. Johnson* (1984), 467 U.S. 493, 81 L. Ed. 2d 425, 104 S. Ct. 2536.) Thus they cannot prevail on double jeopardy grounds, as the defendants did in *Limperis*, against being required to plead a second time. (*People v. Deems* (1980), 81 Ill. 2d 384, 389; *People v. Chatman* (1967), 38 Ill. 2d 265, 270.) In this case, by finding the defendants guilty of lesser offenses, the trial judge sought to avoid the mandatory sentences prescribed for the crimes to which the defendants, except

for Alfred and Henry, pleaded, just as the judges in *Limperis* for the same reason found the defendants guilty of lesser offenses than the stipulated evidence established.

Judge Suria asserts that reliance on *Limperis* is misplaced because in that case there was no evidence which could have formed the basis for finding the defendants guilty of anything other than the possession of more than 30 grams. He analogizes his disposition of the guilty pleas in this case to a bench trial in which a trial judge, after hearing evidence, finds a defendant not guilty of a greater charged offense but guilty of a lesser included offense. The short answer to this suggestion is that no trial was held here. Without conducting a trial, Judge Suria simply lacked authority to find the defendants guilty of any offense other than the ones to which they entered their guilty pleas.

Although we would reach the same conclusion even if the stipulated testimony did not satisfy the requirements of Rule 402(c), we note that the trial court found sufficient factual bases in the stipulated testimony to support the narcotics-related guilty pleas. The fact that the heroin seized was packaged in small quantities, and that amounts of cash were found in the premises occupied by the defendants and in the vicinity of the small packets, is sufficient evidence on the basis of which the court could infer the intent to deliver. Moreover, the trial judge's own statement indicates that he found a factual basis for each plea, but that by finding respondents guilty of lesser included offenses, he was merely attempting to avoid the mandatory incarceration provision with which he would have been required to comply had he found the defendants, other than Alfred and Henry, guilty of the offenses to which their pleas were directed.

Judge Suria stated:

"Mr. McCarter, and this goes to all of you fellows, I hope you don't think that I'm stupid and don't under-

stand that *there was a drug selling operation going on here*. What I'm doing is considering all of your lack of any prior record in the field of narcotics and for the most part no felony convictions. There's an exception in Mr. Milton McCarter's case. *For these reasons I have not found you guilty of the Class X felony for which I must sentence you to six years in the penitentiary if I were to find you guilty of the Class X.*

So the three of you, Milton McCarter, Johnson Hughes and Jimmie McDaniel, are getting a break by virtue of my finding. *I do so in the exercise of my authority* and find, based upon the stipulated facts, you guilty of a lesser included offense. *I do so in the exercise of lenity* and do so with a sincere hope that each of you understands that, if you come back to me here, I have absolutely no alternative but incarceration.'' (Emphasis added.)

The problem here is that Judge Suria lacked the authority he thought he had. His only duty was to assure himself that a factual basis existed for the particular plea he received, not whether defendants were proved guilty beyond a reasonable doubt as would be the case after a trial. *People v. Barker* (1980), 83 Ill. 2d 319, 327; *People v. Cross* (1979), 77 Ill. 2d 396, 412.

Judge Suria's disposition of the charges in the indictments was also improper because he usurped the executive powers vested in the State's Attorney, in violation of article II, section 1, of the Illinois Constitution (Ill. Const. 1970, art. II, sec. 1), which provides for separation of powers among the three branches of our State government. *People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, demonstrates such a usurpation of power. There, the trial judge ordered an assistant State's Attorney to file an information against the defendants charging aggravated battery. The defendants had previously been charged in a complaint for preliminary examination with aggravated battery because they allegedly struck a po-

lice officer in the head and upper body with a car jack. The State's Attorney refused to file the aggravated-battery charge by information, explaining to the trial judge that the State intended to file attempted-murder charges instead. Thereupon the court directed the clerk, over the State's objection, to assign an information number to the case and accepted defendants' guilty pleas to aggravated battery. The State petitioned this court for a writ of *mandamus* directing the trial judge to expunge the orders sentencing defendants to two years' probation and 20 days' confinement in the house of corrections. In granting the *mandamus* requested this court stated:

> "We consider such actions by a trial judge to be an impermissible exercise by the judicial branch of powers belonging exclusively to the executive and in direct contravention of the applicable statutory mandates. (Ill. Const. 1970, art. II, sec. 1; Ill. Rev. Stat. 1981, ch. 14, par. 5; Ill. Rev. Stat. 1981, ch. 38, par. 111). A trial judge cannot, consistent with the constitutional principle of separation of powers, assume the role of prosecutor and determine which criminal offense shall be charged and thereafter proceed with disposition of that offense over the State's objection, and the court had no authority to direct that the information be filed and then accept the guilty pleas thereto." *People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 46.

The State's Attorney's office is part of the executive branch of government, and that office exercises executive powers. As a representative of the People of Illinois, the State's Attorney has the duty to prosecute all criminal actions (Ill. Rev. Stat. 1983, ch. 14, par. 5(1); *People v. Pankey* (1983), 94 Ill. 2d 12), and it is within his exclusive discretion to choose which crimes to charge and then to seek disposition of the crimes so charged. (*People ex rel. Davis v. Vazquez* (1982), 92 Ill. 2d 132, 150.) In this case the circuit judge impermissibly exercised powers belonging to the executive branch by, in effect,

accepting guilty pleas to offenses which the State's Attorney in his discretion had not charged and then finding the defendants guilty of those offenses.

Directing the trial judge to vacate the defendants' pleas and require the defendants to enter new pleas is an appropriate response to the circumstances presented. We may, under our supervisory authority, require a trial court to vacate orders entered in excess of its authority (*People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552) or as an abuse of its discretionary authority (*Doherty v. Caisley* (1984), 104 Ill. 2d 72). And, as pointed out above, we are not precluded, as in *Limperis*, from such a disposition by any concern that the defendants will be able to escape prosecution on double jeopardy grounds.

For the above reasons, the supervisory order requested by the State is allowed. In the exercise of this court's supervisory authority the circuit court is directed to vacate the findings of guilt on the offenses other than those for which the defendants were indicted and also to vacate the defendants' guilty pleas and to require each defendant to enter a new plea to the offenses with which he was charged and to conduct further proceedings not inconsistent with this opinion.

*Supervisory order entered.*