THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN FOLEY, Defendant-Appellant.

Second District   Nos. 2—86—0191, 2—86—0192 cons.

Opinion filed October 26, 1987.

Mary Robinson, of Robinson & Skelnik, of Elgin (Josette Skelnik, of counsel), for appellant.

Robert J. Morrow, State's Attorney, of Geneva (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

In a bench trial, the defendant, Brian Foley, was convicted of two counts of home invasion and two counts of armed robbery and was sentenced to concurrent terms of seven years' imprisonment for each offense. He appeals, contending that the home invasion convictions cannot stand because they are based upon new indictments returned by the grand jury during the trial and that the armed robbery convictions were barred by principles of double jeopardy.

On November 13, 1984, the grand jury returned two separate indictments against the defendant, a single-count indictment for a home invasion in St. Charles, Illinois, and a three-count indictment for a home invasion in Sleepy Hollow, Illinois, and the armed robbery of two persons in the home.

The indictment in case No. 84—CF—780 (St. Charles) alleged that on November 5, 1984, defendant had committed the offense of home invasion "in that he, not a peace officer acting in the line of duty, knowingly entered, without authority, the dwelling place of Patsy Ballard, having reason to know others to be present within that dwelling while armed with a dangerous weapon, a gun." Count 1 of the in-

dictment in case No. 84—CF—781 (Sleepy Hollow) alleged that on October 31, 1984, defendant had committed the offense of home invasion "in that he, not a peace officer acting in the line of duty, and without authority, entered the dwelling place of James W. Miller, located at 121 Rainbow Drive, Sleepy Hollow, Kane County, Illinois, having reason to know others to be present within that dwelling while armed with a dangerous weapon, a gun." Counts 2 and 3 charged defendant with the armed robbery of James and Martha Miller, who were present in the home on that date.

Prior to trial, the State filed a motion for joinder of the trial of this defendant for the offenses charged in the two indictments with the trials of two other defendants who had been charged by separate indictments for the same offenses, and it was so ordered. Ultimately, however, as each defendant had separate counsel and was not ready for trial at the same time, the defendants were tried separately.

Trial of defendant Foley's joined cases commenced on July 15, 1985, before the court, and the State called three witnesses who were sworn and testified relating to the home invasion and armed robbery offenses charged in indictment No. 84—CF—781 (Sleepy Hollow). Trial was recessed on July 16, before the State had completed its case, and did not resume until August 30, 1985. At that time, the trial judge was advised that two new "amended" indictments relating to the Sleepy Hollow and St. Charles offenses for which defendant was on trial had been returned by the grand jury. Amended indictment No. 84—CF—781 (Sleepy Hollow) realleged the armed robbery counts as in the original indictment and added to the home invasion count the phrase "used force or threatened the use of force upon the person of James Miller," a necessary element which had been omitted from the statement of the offense in the original indictment. Amended indictment No. 84—CF—780 (St. Charles) similarly added to the home invasion count the allegation "used force or threatened the use of force upon the person of Patsy Ballard," which had been omitted from the original indictment. A second count was added to the amended indictment relating to the St. Charles occurrence alleging that defendant also committed the offense of home invasion by entering the dwelling of Patsy Ballard and causing injury to her.

Defendant moved to quash the amended indictments, arguing that as trial had commenced jeopardy had attached to each of the offenses charged in the original indictments relating to the Sleepy Hollow and St. Charles offenses and that the State was not authorized to amend the indictments during trial to correct the substantive defect in its charges of the offense of home invasion by adding the omitted essen-

tial element. Defendant's counsel candidly acknowledged in the trial court that he had been aware of the omission of the essential element in both original indictments where they sought to allege the offense of home invasion, and that he had intended to move to quash those counts at the close of the State's evidence.

The assistant State's Attorney agreed that both original indictments were fatally defective as to the home invasion counts and argued that the State could file an amended indictment returned by the grand jury at any time. The prosecutor also disputed whether the Sleepy Hollow and St. Charles indictments were joined for trial, and, as no evidence had yet been presented as to the St. Charles home invasion charge, asserted that jeopardy had not attached to it.

The trial court denied defendant's motion to quash the amended indictments, finding that as the original indictments, at least those counts charging home invasion, were defective, the court did not acquire jurisdiction over the cases until the filing of the amended indictments. It reserved ruling on the joinder issue, and the prosecutor indicated the State would not seek a *nolle prosequi* of either the original or amended indictments until the court ruled on the joinder question.

When the trial resumed on October 24, 1985, the State presented its witnesses for the St. Charles charges and rested. The trial next continued on November 15, 1985, when defendant renewed his motion to dismiss the amended indictments. The trial court first determined that the two original indictments had, in fact, been joined for trial, then denied defendant's motion to dismiss, finding again that it lacked jurisdiction of the original indictments for failure to adequately state the home invasion offenses and acquired jurisdiction of the offenses for the first time with the filing of the amended indictments. As the State did not seek to nol-pros the original indictments, the trial court then did so *sua sponte*.

The trial proceeded with defendant offering witnesses in his behalf as to the offenses and thereafter the trial court found him guilty of home invasion and armed robbery as charged in the amended indictments. After denial of defendant's post-trial motion, he appeals.

In his brief in this court, defendant contends that it was improper to commence prosecution under the amended indictments in the middle of the ongoing trial under the original indictments. He argues that a mistrial should have been declared as to the defective home invasion charges in the original indictments and the trial then proceed to judgment on the properly charged armed robbery offenses therein alleged. Defendant asserts that by commencing a new prosecution under the

amended indictments he was denied an opportunity to make pretrial motions directed to the new indictments, to determine whether he would waive his right to a jury trial and to be arraigned on the amended indictments. In addition, defendant argues that as trial of the properly stated armed robbery counts had commenced under the original indictment No. 84—CF—781 (Sleepy Hollow), and it was improperly terminated prior to a conviction or acquittal, double jeopardy principles bar prosecution for those offenses under the amended indictment.

The State agrees that the home invasion charges under the original "Sleepy Hollow" indictment were fundamentally defective and could not support a conviction under Illinois law. It notes that, in such cases, the State is entitled to seek a mistrial and may do so without violating a defendant's rights under the double jeopardy clause (*Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066; *People v. Bailey* (1975), 31 Ill. App. 3d 1045, 1047-48, 335 N.E.2d 550), and argues that, effectively, is what occurred here. The State postulates that as it offered no evidence relating to the Sleepy Hollow incident after filing the amended indictment and the judge then dismissed the original indictment, there was left pending a new, untried indictment for armed robbery and home invasion. The State concedes that the trial judge thus erred in entering convictions on the Sleepy Hollow charges without evidence and suggests that those convictions be reversed and remanded for a new trial.

As to the St. Charles home invasion charges, the State contends defendant's convictions were proper and should be affirmed. The State notes that all of its evidence prior to the filing of the amended indictments was directed solely to proof of the Sleepy Hollow charges under the original indictment; and all of the evidence establishing the St. Charles charges was offered only after the amended indictment was filed; and, it asserts, no jeopardy thus attached to the St. Charles offense of home invasion when the Sleepy Hollow witnesses were sworn and testified relating to the offenses charged in the original indictment.

■ To place this unusual case in focus we consider first whether trials of the original indictments were joined so as to raise jeopardy principles when the first witness was sworn and testified. (*People v. Deems* (1980), 81 Ill. 2d 384, 389-90, 410 N.E.2d 8.) The record is clear that, on the State's motion, both of the original indictments were joined for trial, and the trial court correctly so found when considering that question. The fact that the State's first witness testified only to the Sleepy Hollow incident cannot act to change the fact

defendant was placed in jeopardy under any valid counts of both original indictments when the first witness was sworn and testified in the joined trials. *People v. Bailey* (1975), 31 Ill. App. 3d 1045, 1048, 335 N.E.2d 550.

■■ ■ We next consider, in this light, whether, as urged by defendant, his convictions for armed robbery under the amended Sleepy Hollow indictment must be reversed on double jeopardy grounds. The State agrees that the convictions for armed robbery entered under the amended indictment cannot stand but argues that the case should be remanded for a new trial on the theory that there was a "mistrial" of these charges and that double jeopardy thus does not bar reprosecution. See *People v. Miller* (1983), 116 Ill. App. 3d 361, 368, 452 N.E.2d 391.

In a bench trial, jeopardy attaches when the first witness is sworn and the court begins to hear evidence. (*People v. Laws* (1963), 29 Ill. 2d 221, 224, 193 N.E.2d 806; *People v. Dilger* (1984), 125 Ill. App. 3d 277, 283, 465 N.E.2d 937.) An improper termination of a prosecution after the trial has commenced results in a bar to subsequent prosecutions. (Ill. Rev. Stat. 1983, ch. 38, par. 3—4(a).) A *nolle prosequi* entered by the prosecution after jeopardy has attached is such a termination. *People v. Watson* (1946), 394 Ill. 177, 179, 68 N.E.2d 265, *cert. denied* (1946), 329 U.S. 769, 91 L. Ed. 662, 67 S. Ct. 130; *People v. Eisele* (1979), 77 Ill. App. 3d 766, 769, 396 N.E.2d 662, *appeal denied* (1980), 79 Ill. 2d 632; *People v. Miller* (1965), 55 Ill. App. 2d 146, 153, 204 N.E.2d 305, *rev'd in part on other grounds* (1966), 35 Ill. 2d 62, 219 N.E.2d 475.

■ The record in the present case shows that the State never moved for a mistrial and the court never ordered one granted. The original charges for armed robbery were not defective, and no challenge was ever made to their sufficiency. While the prosecutor at one point indicated that he intended to nol-pros the original indictments for armed robbery, he also indicated his intention to proceed on the new indictments without having moved to nol-pros, and the court undertook the initiative and dismissed the original indictments. It is apparent that this dismissal was, in effect, an improper *nolle prosequi* of the armed robbery charges which barred retrial on the new indictments which alleged the same offense. We conclude that trial of the charges for armed robbery under the original Sleepy Hollow indictment was terminated improperly and that the principles of double jeopardy bar retrial.

In oral argument, defendant's counsel concedes that jeopardy did not attach to the void counts of the original indictments which pur-

ported to charge defendant with home invasion and would not bar his retrial for those offenses. Counsel asserts, however, that the convictions for that offense under the amended indictments must be reversed because of the in-trial amendments of the indictments.

To sustain the convictions for home invasion the State essentially relies upon this court's decision in *People v. Dilger* (1984), 125 Ill. App. 3d 277, 465 N.E.2d 937, in arguing that the prosecution did not commence until after the amended indictment was filed. We do not agree that the procedures undertaken here find approval in that case. In *Dilger*, the court noted the established principle that "[t]he constitutional concept of jeopardy requires that the accused be on trial for the offense charged at a judicial proceeding directed to reaching a final determination of his guilt or innocence of the offense. [Citations.] In a bench trial, jeopardy ordinarily attaches when the first witness is sworn and the court begins to hear evidence. [Citations.]" (*People v. Dilger* (1984), 125 Ill. App. 3d 277, 283, 465 N.E.2d 937.) In *Dilger*, no witness was sworn, no evidence was received, and no trial took place. In the present case, trial of the joined indictments was well underway in this bifurcated case before the amended indictments were introduced.

■ It appears that the State here sought to amend the indictments, in trial, to correct substantive defects in the home invasion counts, which could not support convictions. An amendment of an indictment must originate with a grand jury (*People v. Kincaid* (1981), 87 Ill. 2d 107, 124, 429 N.E.2d 508), and it did so here. The *Kincaid* court also determined that an information may be amended to include omitted essential elements of the offense sought to be charged only where it is amended before trial, a prompt preliminary hearing is held to determine probable cause, and the defendant is allowed a reasonable time to further prepare his defense. (87 Ill. 2d 107, 125, 429 N.E.2d 508.) Similar standards would be required for correction of a defective indictment by amendment and were not undertaken in this case, where defendant was required to proceed with the trial after the amendment.

■ It has been held that the amendment of a charge which fails to state an offense is an abandonment of the original and requires a new plea. (*People v. Clarke* (1950), 407 Ill. 353, 357, 95 N.E.2d 425; *People v. Simpson* (1979), 74 Ill. App. 3d 531, 533, 393 N.E.2d 740.) The constitution guarantees an accused the right to demand the nature and cause of the accusation and to have a copy thereof. (Ill. Const. 1970, art. I, sec. 8.) Before any person is tried for the commission of an offense, he is entitled to be arraigned. (Ill. Rev. Stat. 1983,

ch. 38, par. 113—6.) The arraignment may be omitted if the defendant does not object and he continues with the trial under an assumed not guilty plea. (Ill. Ann. Stat., ch. 38, par. 113—1, Committee Comments, at 10 (Smith-Hurd 1977).) Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding in the cause if the defendant pleads to the charge or proceeds to trial without objecting to such failure or irregularity. Ill. Rev. Stat. 1983, ch. 38, par. 113—6.

In *People v. Hill* (1959), 17 Ill. 2d 112, 160 N.E.2d 779, the court held that the lack of a formal plea does not necessarily invalidate a judgment of conviction, where the record shows that the case was tried on the assumption that a plea of not guilty had been entered. In *Hill*, and in subsequent cases, the courts have refused to set aside convictions obtained without a formal plea where the defendant failed to object to the lack of an arraignment. See, *e.g.*, *People v. Barbee* (1966), 35 Ill. 2d 407, 220 N.E.2d 401; *People v. Brokowski* (1962), 25 Ill. 2d 497, 185 N.E.2d 241; *People v. Sebag* (1982), 110 Ill. App. 3d 821, 443 N.E.2d 25, *appeal denied* (1983), 93 Ill. 2d 547; *People v. Hahn* (1980), 82 Ill. App. 3d 173, 402 N.E.2d 895, *appeal denied* (1980), 81 Ill. 2d 595; *People v. Sanders* (1980), 80 Ill. App. 3d 809, 400 N.E.2d 468, *appeal denied* (1980), 81 Ill. 2d 605; *People v. Robinson* (1974), 20 Ill. App. 3d 152, 313 N.E.2d 213, *appeal denied* (1974), 56 Ill. 2d 584.

■ In the present case, however, when the State filed the new indictments against the defendant, his counsel objected and moved to dismiss the charges. Counsel also pointed out the fact that the defendant had not been arraigned on the amended charges, and opposed submitting him to trial. Under these circumstances, we conclude that upon the State's filing of new indictments for home invasion, defendant was entitled to be rearraigned and plead anew. Since, without these proceedings, the trial on these charges was a nullity, the convictions for home invasion were void and must be set aside.

Accordingly, the judgments of conviction and sentences for armed robbery under the amended indictment are reversed; the judgments of conviction and sentences imposed for home invasion under the amended indictments are vacated, and the cause is remanded for a new trial for home invasion after proper arraignment of defendant.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.